

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRIAN A. McVEIGH, an individual, and<br>LYNNE WHITTEN, an individual | )<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | CV-09-P-0685-S |
| v. | )<br>) | Civil Action No. _____ |
| CALLAN ASSOCIATES, INCORPORATED, a<br>foreign corporation registered to do business in<br>the State of Alabama; INTECH INVESTMENT<br>MANAGEMENT, LLC, a foreign corporation<br>registered to do business in the State of Alabama;<br>RHUMBLINE ADVISERS, a foreign corporation<br>registered to do business in the State of Alabama;<br>C.S. MCKEE, LP, a foreign corporation registered<br>to do business in the State of Alabama; EARNEST<br>PARTNERS, LLC, a foreign corporation registered<br>to do business in the State of Alabama; TURNER<br>INVESTMENT PARTNERS, INCORPORATED,<br>a foreign corporation registered to do business in<br>the State of Alabama; ACADIAN ASSET<br>MANAGEMENT, LLC, a foreign corporation<br>registered to do business in the State of Alabama;<br>PRINCIPAL GLOBAL INVESTORS, LLC, a<br>foreign corporation registered to do business in the<br>State of Alabama; and WESTERN ASSET<br>MANAGEMENT COMPANY, a foreign<br>corporation registered to do business in the State<br>of Alabama, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## COMPLAINT

COME NOW Plaintiffs, Brian A. McVeigh and Lynne Whitten, and file this Complaint against Defendants, CALLAN ASSOCIATES, INCORPORATED, a foreign corporation registered to do business in the State of Alabama; INTECH INVESTMENT MANAGEMENT, LLC, a foreign corporation registered to do business in the State of Alabama; RHUMBLINE ADVISERS, a foreign

corporation registered to do business in the State of Alabama; C.S. MCKEE, LP, a foreign corporation registered to do business in the State of Alabama; EARNEST PARTNERS, LLC, a foreign corporation registered to do business in the State of Alabama; TURNER INVESTMENT PARTNERS, INCORPORATED, a foreign corporation registered to do business in the State of Alabama; ACADIAN ASSET MANAGEMENT, LLC, a foreign corporation registered to do business in the State of Alabama; PRINCIPAL GLOBAL INVESTORS, LLC, a foreign corporation registered to do business in the State of Alabama; and WESTERN ASSET MANAGEMENT COMPANY, a foreign corporation registered to do business in the State of Alabama. In support of their Complaint, Plaintiffs state as follows:

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1332(d) because minimum diversity exists between (a) certain members of the proposed Class, including the Plaintiffs, and (b) the Defendants. Additionally, the value of the declaratory and injunctive relief sought herein, including any and all amounts due to the Plaintiff and members of the Class as restitution and/or damages, exceeds $5,000,000.

2. Defendants have substantial contacts with this jurisdiction arising out of the management of the PACT Funds at issue in this case. Therefore, personal jurisdiction exists over Defendants.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as the enrollment in the PACT contracts as well as other acts giving rise to this cause of action occurred in this jurisdiction.

**Parties**

4. Plaintiff, Brian A. McVeigh is over the age of nineteen and is an adult resident citizen of the State of Alabama.

5. Plaintiff, Lynne Whitten, is over the age of nineteen and is an adult resident citizen of the State of Alabama.

6. Defendant, Callan Associates, Inc., is a foreign corporation registered to do business in the State of Alabama.

7. Defendant, Intech Investment Management, LLC, is a foreign corporation registered to do business in the State of Alabama.

8. Defendant, Rhumbline Advisers, is a foreign corporation registered to do business in the State of Alabama.

9. Defendant, C.S. McKee, LP, is a foreign corporation registered to do business in the State of Alabama.

10. Defendant, Earnest Partners, LLC, is a foreign corporation registered to do business in the State of Alabama.

11. Defendant, Turner Investment Partners, Inc., is a foreign corporation registered to do business in the State of Alabama.

12. Defendant, Acadian Asset Management, LLC, is a foreign corporation registered to do business in the State of Alabama.

13. Defendant, Principal Global Investors, LLC, is a foreign corporation registered to do business in the State of Alabama.

14. Defendant, Western Asset Management Company, is a foreign corporation registered to do business in the State of Alabama.

## Jurisdiction

15. This Court has jurisdiction under 28 U.S.C. 1332 by virtue of the diversity of citizenship between the parties.

16. Venue is proper in this judicial district.

## Factual Allegations

17. Since approximately 1989, the Prepaid Affordable College Tuition program ("PACT"), administered by and through the Alabama State Treasurer's Office, is a Section 529 program that has allowed individuals to pre-pay for in-state public, private and/or out-of-state colleges.

18. Thousands of individuals, both State of Alabama residents and non-residents, have enrolled, signed a contract and made timely payments in said PACT plan in anticipation of receiving the following benefits:

   a. The PACT program makes payments directly to the institution;

   b. The PACT four-year contract covers in-state public tuition for up to 135 semester hours, or the equivalent at institutions on a quarter or other academic term basis.

   c. PACT pays qualified fees for eight semesters, or the equivalent number for colleges and universities on another academic term basis.

   d. The PACT one-year contract covers in-state public tuition for up to 32 semester hours, or the equivalent at institutions on a quarter or other academic term basis.

   e. PACT will also pay qualified fees for two semesters, or the equivalent number for colleges and universities on another academic term basis.

  f.  A PACT student may transfer from one college to another and unlimited transfers are permitted.

  g.  If a student chooses to attend a private or out-of-state institution, a weighted average of tuition and qualified fees at the Alabama four-year public institutions, calculated annually, will be paid to the private or out-of-state school.

  h.  Three types of payment plans are available for both contract options: a single, lump-sum amount; a five-year plan of 60 monthly payments (which is only available for students in the seventh grade or below); and an extended plan of monthly payments until the student reaches college age.

19. On or about October 16, 2002, Plaintiff Brian A. McVeigh purchased a PACT contract for beneficiary Sarah K. McVeigh, Account No. 9020689312, with 199 extended monthly payments totaling $22,686.00, including the $100.00 application fee. The contract provides 135 semester hours or the academic equivalent units on a quarter system of Alabama public undergraduate tuition or until an award of a baccalaureate degree, which ever comes first; and 8.0 semester (12.0 quarter) payment of qualified fees. Beneficiary Sarah K. McVeigh's projected enrollment date is 2019.

20. On or about September 29, 1999, Plaintiff Lynne Whitten purchased a PACT contract for beneficiary Peyton J. Whitten, Account No. 9990561540, through 60 payments over a five year period ending December 2004, for a total payment of $11,160.00, including the $100.00 application fee. The contract provides 135.0 semester hours or the academic equivalent units on a quarter system of Alabama public undergraduate tuition or until an award of a baccalaureate degree; and 8.0 semester (12.0 quarter) payment of qualified fees. Beneficiary Peyton J. Whitten's projected enrollment date is 2015.

21. To cover the cost of the PACT program, the State of Alabama and/or the PACT

Board of Directors invests the funds in a variety of domestic and international stocks, domestic securities, and cash, by and through its primary adviser, Defendant Callan Associates, Inc. ("Callan").

22. Subsequently, Defendant Callan directs the decisions pertaining to the aforesaid investments, which are made by nine individual investment firms, eight of which are identified herein as the other named Defendants: INTECH Investment Management, LLC, Rhumbline Advisers, C.S. McKee, LP, Earnest Partners, LLC, Turner Investment Partners, Inc., Acadian Asset Management, LLC, Principal Global Investors, LLC, and Western Asset Management Company.

23. On or about February 27, 2009, all PACT Participants, including the Plaintiffs, were notified via letter from Kay Ivey, the Alabama State Treasurer, that the funds contributed by the Plaintiffs and/or other PACT contract holders, and subsequently invested and managed by the aforesaid named Defendants, have lost approximately fifty percent (50%) of their value on the last fourteen (14) months.

24. Subsequently, on or about March 15, 2009, it was revealed that the State of Alabama now lacks the assets it requires to meet its obligations regarding the PACT contracts that it holds with the Plaintiffs, and other PACT contract holders.

25. Due to the Defendants' collective negligence, wantonness, breach of contract, and/or failure to properly administer, invest and/or manage the investments relevant to the PACT plan, the Plaintiffs and/or other PACT contract holders and/or other PACT third-party beneficiaries are and/or will be unable to attend college as the PACT plan intended.

## Count One
### Breach of Fiduciary Duty

26. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

27. Defendants owed a fiduciary as a quasi trustee or a trustee *in invitum* to prudently manage, invest and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and/or their third-party beneficiaries.

28. Defendants breached this duty by failing to prudently manage, invest and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and/or third-party beneficiaries.

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendants separately and severally for compensatory and punitive damages, interest, attorneys' fees, and costs of Court.

## Count Two
### Negligence

29. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

30. Defendants owed a fiduciary as a quasi trustee or a trustee *in invitum* to prudently manage, invest and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and/or their third-party beneficiaries.

31. Defendants breached this duty by negligently failing to prudently manage, invest and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and/or third-party beneficiaries.

32. Due to the negligence of the Defendants, Plaintiffs and/or their third-party beneficiaries have been damaged to the extent that their goal of receiving a college education for a child, family member or a loved one has been adversely affected and/or eliminated.

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendants separately and severally for compensatory and punitive damages, interest, attorneys' fees, and costs of Court.

### Count Three
### **Wantonness**

33. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

34. Defendants had a duty to Plaintiffs to prudently manage, invest and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and/or their third-party beneficiaries.

35. Defendants breached this duty by wantonly failing to prudently manage, invest, and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and/or their third-party beneficiaries.

36. Due to the Wantonness of Defendants, Plaintiffs and/or their third-party beneficiaries, have been damaged to the extent that their goal of receiving a college education for a child, family member or a loved one has been adversely affected and/or eliminated.

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendants separately and severally for compensatory and punitive damages, interest, attorneys' fees, and costs of Court.

## Count Four
## Breach of Contract

37. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

38. Defendants had a contractual duty to the State of Alabama and/or the Alabama PACT Board of Directors to prudently manage, invest and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and/or their third-party beneficiaries.

39. Defendants breached this contractual duty by failing to prudently manage, invest, and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and/or their third-party beneficiaries.

40. As third-party beneficiaries to any and all contracts between the State of Alabama and/or the PACT Board of Directors, the Plaintiffs have been damaged to the extent that their goal of receiving a college education for a child, a family member or a loved one has been adversely affected and/or eliminated.

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendants separately and severally for compensatory and punitive damages, interest, attorneys' fees, and costs of Court.

## Count Five
## Class Allegations

41. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

42. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs seek to represent and allege

damages to the following class in their claim for breach of contract.

   a. All current and former enrollees in the PACT, both State of Alabama residents and non-residents, who have signed a contract and made timely payments in the PACT plan;

   b. All current and former enrollees in the PACT, both State of Alabama residents and non-residents, who have lost the payment of college tuition at a state institution for the beneficiary of their contract with PACT.

43. On information and belief, the class includes thousands of persons, making joinder of all of the class members impracticable.

44. There are common questions of law and fact common to all of the class members, to-wit: 1) whether or not it is a breach of duty for Defendants to fail to prudently manage, invest, and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and/or third-party beneficiaries; 2) whether or not it is a breach of duty for Defendants to wantonly fail to prudently manage, invest and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and/or third-party beneficiaries; and 3) whether or not it is a breach of contractual duty for Defendants to fail to prudently manage, invest, and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and/or their third-party beneficiaries.

45. The claims of the Plaintiffs seeking to represent the class are typical of the claims of the class. The claims differ only in the amount of damages due.

46. The Plaintiffs will fairly and adequately protect the interests of the class, and Plaintiffs' counsel has extensive experience in mass tort litigation and the resources to pursue such claims on behalf of the class.

47. The aforementioned common questions of law and fact predominate over any questions affecting only individual class members. Identification of the class member and individual damage determinations can be easily and mechanically made from an examination of the Defendants' records of loss estimates in each of the Plaintiffs' separate accounts maintained by PACT.

48. Plaintiff will fairly and adequately protect the members of the class and subclasses and has no interest antagonistic to those of the class or subclass members. Furthermore, Plaintiff has retained class counsel that is abundantly competent and experienced in the prosecution of class actions generally, and class actions involving insurance matters in particular.

49. Certification under Fed. R. Civ. P. 23(b)(2) is proper because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of other class members not a party to the adjudication or would substantially impair or impede their abilities to protect their interests. In addition, the Defendants, as the parties opposing the class, have acted or refused to act on grounds generally applicable to the class, thereby making relief

50. On information and belief, the amount of additional money due to each class member is relatively small, and a class action would be superior to other available methods for the fair and efficient adjudication of the class members' claims

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendants certifying the above class and awarding compensatory and attorneys' fees as allowed by law to each class member for breach of contract as alleged in Count One.

## PARTIES DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS

Respectfully Submitted,

*/s/ Donald W. Stewart*

Donald W. Stewart (STE045)
Donald W. Stewart, PC
P. O. Box 2274
Anniston, AL 36202
256.237.9311
facsimile 256.237.0713
donaldwstewart5354@yahoo.com

*/s/ Andrew P. Campbell*

Andrew P. Campbell (CAM006)
Campbell, Gidiere, Lee, Sinclair & Williams, PC
2100-A Southbridge Parkway, Suite 450
Birmingham, Alabama 35209
205.803.0051
facsimile 205.803.0053
acampbell@cgl-law.com

**OF COUNSEL:**

Dagney Johnson Walker (JOH180)
Johnson and Walker LLC
2100 3rd Avenue North, Suite 810
Birmingham, AL 35203
205.254.3927
facsimile 205.254.3939

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL**

CALLAN ASSOCIATES, INCORPORATED
c/o CSC Lawyers Incorporating Service Inc.
150 South Perry Street
Montgomery, AL 36104

INTECH INVESTMENT MANAGEMENT, LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

RHUMBLINE ADVISERS
c/o Prentice Hall Corporation System
150 South Perry Street
Montgomery, AL 36104

C.S. MCKEE, LP
c/o Capitol Corporate Services, Inc.
150 South Perry Street
Montgomery, AL 36104

EARNEST PARTNERS, LLC,
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

TURNER INVESTMENT PARTNERS, INCORPORATED
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

ACADIAN ASSET MANAGEMENT, LLC
c/o CSC Lawyers Incorporating Service Inc.
150 South Perry Street
Montgomery, AL 36104

PRINCIPAL GLOBAL INVESTORS, LLC
c/o CSC Lawyers Incorporating Service Inc.
150 South Perry Street
Montgomery, AL 36104

WESTERN ASSET MANAGEMENT COMPANY
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104