FILED
2009 Jun-08 AM 11:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BRIAN A. MCVEIGH, an individual, and LYENNE WHITTEN, an individual,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO. CV-09-0685-S** |
| **v.** | ) | |
| **CALLAN ASSOCIATES INC., et al.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT CALLAN ASSOCIATES INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Callan Associates Inc. ("Callan") has moved this Honorable Court to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and submits this memorandum in support of its Motion.

## STATEMENT OF FACTS

Callan adopts the Statement of Facts in the brief in support of the motion to dismiss filed by the Investment Managers,[1] which describes the PACT Program, the PACT Trust Fund, and Plaintiffs' claims.

Additionally, the following supplemental facts relate to Callan. The Complaint alleges that Callan served as the investment advisor to the PACT Board and to the Trustees of the PACT Fund. Compl. at ¶¶ 21, 22. Callan "provide[d] professional investment consulting services to

[1] The investment manager defendants are INTECH Investment Management LLC, Rhumbline Advisers, Earnest Partners, LLC, Turner Investment Partners, Inc., Acadian Asset Management LLC, Principal Global Investors, LLC, and Western Asset Management Company (hereinafter, "Investment Managers").

assist the Board with formulation of investment policy, asset allocation, management search, asset liability research, and ongoing investment monitoring of the PACT Trust Fund." Section II of the 2003 Professional Services Contract between Callan and the PACT Board, attached hereto as Exhibit A; Preamble of the 2006 Professional Services Contract between Callan and the PACT Board, attached hereto as Exhibit B.[2] Callan monitored the Fund's investment managers, performing "quarterly performance and measurement evaluation reports on investment managers" and "overall monitoring and ongoing review of organization and staffing of investment managers." Section IV of the 2003 Contract, Exhibit A; Section Four of the 2006 Contract, Exhibit B. The Board, however, "retain[ed] and exercise[d] all decision-making authority with respect to the management and administration of the Trust." Section II of the 2003 Contract, Exhibit A; Preamble to the 2006 Contract, Exhibit B.

## STANDARD OF REVIEW

Callan adopts the Standard of Review discussion contained in the brief in support of the motion to dismiss filed by the Investment Managers.

## ARGUMENT

### A. This Court Does Not Have Subject Matter Jurisdiction Because Plaintiffs' Claims Are Not Ripe.

The Court lacks subject matter jurisdiction over this dispute because Plaintiffs' claims are not ripe. *See Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). "The ripeness inquiry requires a determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Id*. at 589 (citations and internal quotations omitted). "Courts must resolve whether there is sufficient

[2] The Court can consider this document on a motion to dismiss because Plaintiffs refer to it in their Complaint without attaching it. *See, e.g.*, Compl. at ¶¶ 38-40; Fed. R. Civ. P. 10(c); *Brooks v. Blue Cross Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decision-making by the court." *Id.* The Eleventh Circuit has also explained that "claims are less likely to be considered 'fit' for adjudication when . . . they require 'speculation about contingent future events.'" *Pittman v. Cole*, 267 F.3d 1269, 1278 (11th Cir. 2001) ("*Pittman*") (citations omitted).

Plaintiffs have suffered no injury as of yet, and may never suffer any injury. Plaintiffs have not alleged sufficient facts to show that they have been injured by any act or omission of Callan. Plaintiffs do not allege that their children have attempted to enroll in a college or university, nor do they allege that the PACT program has failed to honor its contractual obligations by refusing to pay tuition costs. Plaintiffs do not allege that the PACT program to date has stopped making timely tuition payments on behalf of current enrollees. Nor do Plaintiffs allege that the PACT program has breached any of its duties or obligations to any eligible PACT participant. In fact, the children of the Plaintiffs for whom they purchased the PACT contracts are not even *projected* to enroll in a university until 2015 and 2019. Compl. ¶ ¶ 19, 20.

On the contrary, the PACT Board has specifically stated that it will continue making all tuition payments due under the PACT program through at least the Spring of 2010, and the PACT actuary has stated that PACT has the funds available to meet all of its obligations through 2014. Lowry, *Board OKs Study of PACT*, Huntsville Times, May 21, 2009; Diel, *PACT to pay tuitions in Alabama through at least spring of 2010*, Birmingham News, May 21, 2009.[3] Moreover, the Alabama Legislature and the PACT Board continue to seek new funding sources

[3] These articles are attached as Exhibit 1 to the Investment Managers' brief in support of their motion to dismiss. The Court can consider these documents for the purposes of Callan's motion to dismiss for lack of subject matter jurisdiction. *See, e.g., Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

to meet the PACT program's future contractual obligations. *See* PACT Board Updates dated April 10, 2009, April 17, 2009, and May 1, 2009 (attached as Exhibit 6 to Investment Managers' brief in support of motion to dismiss). For a threatened injury to possess the necessary immediacy, of the kind required to make it imminent and not merely hypothetical, the injury must be one that will occur within some fixed period of time in the future. *See American Civil Liberties Union v. Miami-Dade County School Bd.*, 557 F.3d 1177, 1191-93 (11th Cir. 2009). Under these facts, however, any future injury is "speculative and hypothetical" because of the very real possibility of government intervention or a market correction. *In re Chicago, Milwaukee, St. Paul and Pacific Railroad Co.*, 701 F.2d 604, 609 (7th Cir. 1983) (declaratory judgment action against bankrupt estate was not ripe where there was a possibility the government would intervene to make plaintiff whole). Accordingly, Plaintiffs' claims against Callan are not ripe.

**B. <u>This Court Doe Not Have Subject Matter Jurisdiction Because Plaintiffs Lack Standing to Sue.</u>**

This Court lacks subject matter jurisdiction over this dispute because Plaintiffs do not have standing to bring the claims alleged in their Complaint.[4] Plaintiffs assert that Callan breached a duty "to prudently manage, invest and/or provide sound financial advisement decision regarding the PACT funds." *See* Compl. ¶¶ 28, 31, 35. Plaintiffs, however, do not have standing to pursue claims against Callan pertaining to the management of the PACT funds.

By Alabama law, all "PACT funds" are held in trust by the Board of the PACT Program. The PACT Trust Fund was established by statute, and designates certain state officials to act as a

[4] Callan adopts the argument in Section I.A of the brief in support of the motion to dismiss filed by the Investment Managers, which seeks dismissal on the grounds that there is no jurisdiction under Article III of the United States Constitution.

Board of Trustees to administer the PACT Trust Fund. *See* Ala. Code § 16-33C-1 *et seq.* The PACT Board places all monies that it receives in the trust fund, whether the monies come from PACT participants such as Plaintiffs "or from any other source, public or private." Ala. Code § 16-33C-6(b). The PACT Trust Fund is subject to the general law governing trusts. *See* Ala. Code 19-3B-102 (the Alabama Uniform Trust Code applies to "trusts created pursuant to a statute"); BOGERT, TRUSTS AND TRUSTEES § 246 (2007).

Plaintiffs do not have standing to sue a third party for an alleged breach of duty in managing or giving advice concerning the assets of the PACT Trust Fund. Under certain circumstances, the trustees of a trust, the settlor of a trust, or the beneficiaries of a trust may sue a third party for breaching a duty related to assets of a fund. *See, e.g.*, Restatement (Second) of Trusts § 281 ("[w]here the trustee could maintain an action at law or suit in equity . . . against a third person . . . the beneficiary cannot . . ."). Plaintiffs, however, are not the trustee, settlor, or beneficiary of the PACT Fund.

Plaintiffs are neither trustees nor settlors of the fund. The PACT statute designates certain state officials to act as a Board of Trustees to administer the Trust Fund, Ala. Code § 16-33C-2, and the PACT Board is the settlor of the trust, because it is the "person . . . who create[d], or contribute[d] property to, [the] trust." *See* Ala. Code 19-3B-102(16) (defining "settlor" for purposes of Alabama trust law).

Plaintiffs are also not beneficiaries of the Trust Fund. A person is a beneficiary of a trust only "if the settlor manifests an intention to give him a beneficial interest." Restatement (Second) of Trusts § 127. The PACT statute, however, defines "a person who is obligated to make contract payments in accordance with a PACT contract," like the Plaintiffs, as a "purchaser," not a "beneficiary." Ala. Code § 16-33C-3(19). The PACT Trust Fund was created

as a designated funding source for the benefit of the PACT Board and the PACT Program, not individual purchasers, and the Board uses proceeds from the Fund to cover all its expenses, not just contracted payments to participants in the PACT Program. Ala. Code § 16-33C-6(b) & (c). In fact, proceeds from the PACT Trust Fund's investments do not go to participants in the PACT Program. Instead, they are required by law to be reinvested into the PACT Trust Fund, Ala. Code § 16-33C-6(d), and, in the event the Trust Fund is dissolved, are "transferred to the control of the Alabama Commission on Higher Education or its successor for use in the establishment of a higher education scholarships program," Ala. Code § 16-33C-9.

Because Plaintiffs are not trustees, settlors, or beneficiaries of the PACT Trust Fund, they do not have standing to sue third parties for the purportedly negligent management of the Trust Fund's assets.

### C. The Complaint Does Not State a Claim Against Callan for Breach of Contract.

Plaintiffs have no cognizable claim against Callan for breach of contract. Count Four of the Complaint alleges that Plaintiffs are intended third-party beneficiaries of contracts between the PACT Board and Callan, and that Callan has breached these contracts. The contracts between Callan and the Board show that Callan was hired to provide investment advice, quarterly reports, and other services directly to the Board, but the Board "retain[ed] and exercise[d] all decision-making authority with respect to the management and administration of the Trust." Section II of the 2003 Contract, Exhibit A; Section 2 of the 2006 Contract, Exhibit B. To recover as third party beneficiaries, Plaintiffs must show "(1) that the [Callan and the PACT Board] intended, at the time the contract was created, to bestow a direct benefit upon a third party; (2) that the complainant was the intended beneficiary of the contract; and (3) that the

contract was breached." *H.R.H. Metals, Inc. v. Miller*, 833 So. 2d 18, 24 (Ala. 2002). Accordingly, this count fails to state a claim for at least two reasons.

First, Plaintiffs are not intended third party beneficiaries of the contracts between Callan and the PACT Board. "In determining the parties' intent, [the Court] must first look to the contract itself, because, while '[t]he intention of the parties controls in construing a written contract,' 'the intention of the parties is to be derived from the contract itself, where the language is plain and unambiguous.'" *Id.* (quoting *Loerch v. Nat'l Bank of Commerce*, 624 So. 2d 552, 553 (Ala. 1993)). The contracts between Callan and the PACT Board specifically lists the parties to the contract, but does not mention any class of beneficiary.

Moreover, "a right to performance in [Plaintiffs] is [not] appropriate to effectuate the intention of the parties" and "the circumstances [do not] indicate that the [Callan] intend[ed] to give the [Plaintiffs] the benefit of the promised performance." *Rumford v. Valley Pest Control, Inc.*, 629 So. 2d 623, 630-31 (Ala. 1993) (citation omitted). Participants in the PACT Program receive no direct benefit from the success of the Fund's investments. Instead, proceeds from the Trust Fund are reinvested into the PACT Trust Fund, Ala. Code § 16-33C-6(d), and, in the event the Trust Fund is dissolved, are "transferred to the control of the Alabama Commission on Higher Education or its successor for use in the establishment of a higher education scholarships program," Ala. Code § 16-33C-9. It would also be impossible for Callan to perform the services for which it was hired (i.e. advising the Board on investments) directly to participants in the plan or for their benefit because the contract specifically reserves to the Board "all decision-making authority with respect to the management and administration of the Trust Fund." Section II of the 2003 Contract, Exhibit A; Preamble to the 2006 Contract, Exhibit B.

Second, Callan is protected from liability for any mismanagement of the Fund by the indemnity and waiver provisions in its contract with the PACT Board. If a third party "claims the benefits [of a contract], he also assumes the burdens." *Michie v. Bradshaw*, 149 So. 814 (Ala. 1933). *See also Ex parte Dyess*, 709 So.2d 447 (Ala. 1997) (nonsignatory plaintiff claiming the benefit of a contract as a third-party beneficiary is subject to arbitration agreement within that contract). "It is thus clear that a third-party beneficiary cannot accept the benefit of a contract, while avoiding the burdens or limitations of that contract." *Georgia Power Co. v. Partin*, 727 So.2d 2, 5 (Ala. 1998); *see also* Restatement (Second) of Contract § 309 cmt. b ("Where there is a contract, the right of a beneficiary is subject to any limitations imposed by the contract."). The contracts between Callan and the PACT Board provide that Callan has no "responsibility to manage or any way direct the investment of any assets whose management is the subject of [Callan's] consulting services under this agreement," and the Board agrees that Callan "will not be liable for any losses or expenses incurred as a result of any action or omission by an investment manager, custodian or unrelated third party." Section IV.G of the 2003 Contract, Exhibit A; Section 7(c) to the 2006 Contract, Exhibit B.

**D. The Complaint Should Be Dismissed for Reasons Explained in the Investment Managers' Brief and Incorporated Herein.**

The Complaint should also be dismissed for additional reasons given by the Investment Managers. Callan hereby adopts and incorporates their arguments that (1) Plaintiffs are limited to their contractual remedies, (2) Plaintiffs have not pled each of the elements of the causes of action stated in their complaint, (3) Plaintiffs have failed to exhaust their administrative remedies, and (4) Plaintiffs have pled neither contract nor tort damages.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Plaintiffs' Complaint must be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for its failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

________________________________________
Matthew H. Lembke
One of the Attorneys for Defendant
Callan Associates, Inc.

OF COUNSEL

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Plaintiffs Brian A. McVeigh and Lynne Whitten:**

Andrew P. Campbell
Caroline Smith Gidiere
Campbell Gidiere Lee
Sinclair & Williams LLC
2100-A Southbridge Parkway, Suite 450
Birmingham, AL 35209
(205) 803-0051

Donald W. Stewart
Donald W. Stewart, P.C.
P.O. Box 2274
Anniston, AL 36202
(256) 237-9311

Dagney Johnson Walker
Johnson & Walker, LLC
2100 Third Avenue North, Suite 810
Birmingham, AL 35203
(205) 254-3143

**Defendant Intech Investment Management, LLC:**

Robert K. Spotswood
Michael T. Sansbury
Spotswood Sansom & Sansbury, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
205-986-3621

**Defendant Rhumbline Advisers:**

Lee E. Bains, Jr.
Edward A. Hosp
A. Inge Selden, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
205-254-1000

Michael A. Collora
Ariatna Villegas-Vazquez
Dwyer Collora LLP
600 Atlantic Avenue
Boston, MA 02210-2211
(617) 371-1033

**Defendant C.S. McKee, LP:**

Lee E. Bains, Jr.
Edward A. Hosp
A. Inge Selden, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
205-254-1000

**Defendant Earnest Partners, LLC:**

Lee E. Bains, Jr.
Edward A. Hosp
A. Inge Selden, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
205-254-1000

John Rock
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 492-6948

**Defendant Turner Investment Partners, Inc.:**

Jere F. White, Jr.
William H. Brooks
Brooke G. Malcom
Lightfoot, Franklin & White LLC
The Clark Building
400 North 20th Street
Birmingham, AL 35203
205-581-0700

**Defendant Acadian Asset Management, LLC:**

Lee E. Bains, Jr.
Edward A. Hosp
A. Inge Selden, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
205-254-1000

**Defendant Principal Global Investors, LLC:**

Luther M. (Rusty) Dorr, Jr.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
205-254-1000

Perry A. Napolitano
Reed Smith LLP
4435 Sixth Avenue
Pittsburgh, PA 15219
412-288-7230

Doug K. Spaulding
Reed Smith LLP
1301 K Street, N.W.
Suite 1300 East Tower
Washington, DC 20005
202-414-9235

**Defendant Western Asset Management Company, Inc.:**

Lee E. Bains, Jr.
Edward A. Hosp
A. Inge Selden, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
205-254-1000

Marc T. G. Dworsky
Eric J. Lorenzini
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

Respectfully submitted,

s/ Matthew H. Lembke

Matthew H. Lembke (LEM013)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: mlembke@babc.com