IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN A. McVEIGH, LYNNE WHITTEN, ALLEN R. HUDSON; and NINA H. McGINNIS, acting on behalf of themselves and their respective children, and on behalf of a class of similarly situated persons, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 2:09-CV-685-RDP |
| CALLAN ASSOCIATES, INCORPORATED; INTECH INVESTMENT MANAGEMENT, LLC; RHUMBLINE ADVISERS; C.S. MCKEE, LP; EARNEST PARTNERS, LLC; TURNER INVESTMENT PARTNERS, INC.; ACADIAN ASSET MANAGEMENT, LLC; PRINCIPAL GLOBAL INVESTORS, LLC; WESTERN ASSET MANAGEMENT COMPANY; ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

COME NOW Plaintiffs, Brian A. McVeigh, Lynne Whitten, Allen R. Hudson, and Nina H. McGinnis, acting on behalf of themselves as well as their respective children, Sarah K. McVeigh and Peyton J. Whitten, and on behalf of all beneficiaries of the PACT Trust Fund, and file this Amended Complaint[1] against Defendants:

---

[1] No responsive pleading has been filed or served in response to the original complaint. Therefore, this amended complaint may be filed without leave of court. Fed. R. Civ. P. 15(a)(1)(A). The defendants' motions to dismiss are not "responsive pleadings" within the meaning of the rule. Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000). This Amended Complaint is intended to clarify the allegations of the original complaint where the Plaintiffs, on behalf of a class of similarly situated persons, seek to compel the Defendants to restore to the PACT Trust Fund those moneys they caused to be lost through their improper and illegal conduct as alleged herein. In that regard, the Complaint has been restructured to make those claims and allegations clearer, and the prior counts for breach of

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(a). This is a class action where minimum diversity exists between certain members of the proposed class, including the Plaintiffs, and the Defendants. Additionally, the value of the relief sought exceeds $5,000,000.

2. This Court has personal jurisdiction over the Defendants. Defendants have substantial contacts with this jurisdiction arising out of the management of the PACT Funds at issue in this case, and they are all registered to do business in the State of Alabama.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as the Plaintiffs' enrollment in the PACT Program as well as other acts giving rise to this cause of action occurred in this jurisdiction.

## PARTIES

4. Plaintiff, Brian A. McVeigh is over the age of nineteen and is a citizen of the State of Alabama. Sarah K. McVeigh is the minor child of Brian A. McVeigh and is a citizen of the State of Alabama.

5. Plaintiff, Lynne Whitten, is over the age of nineteen and is a citizen of the State of Alabama. Peyton J. Whitten is the minor child of Lynne Whitten and is a citizen of the State of Alabama.

6. Plaintiff, Allen R. Hudson, is over the age of nineteen and is a citizen of the State of Alabama, Stevie A. Graves and Emma L. Hathaway are the minor children of Allen Hudson and are citizens of the State of Alabama.

---

fiduciary duty, negligence and wantonness have been consolidated into a single count for restitution of trust monies lost.

7. Plaintiff, Nina H. McGinnis, is over the age of nineteen and is a citizen of the State of Alabama, Stevie A. Graves is the minor child of Nina McGinnis as well.

8. Plaintiffs McVeigh and Whitten ("Plaintiffs") have beneficial interests in the PACT Trust Fund as conferred by the PACT Contracts they have executed.

9. Defendant, Callan Associates, Inc., is a foreign corporation registered to do business in the State of Alabama. It is incorporated in the State of California, and its principal place of business is in the State of California.

10. Defendant, Intech Investment Management, LLC, is a foreign corporation registered to do business in the State of Alabama. It is incorporated in the State of Delaware, and its principal place of business is in the State of Florida.

11. Defendant, Rhumbline Advisers, is a foreign corporation registered to do business in the State of Alabama. It is incorporated in the State of Massachusetts, and its principal place of business is in the State of Massachusetts.

12. Defendant, C.S. McKee, LP, is a foreign partnership registered to do business in the State of Alabama. Upon information and belief, all of its partners are either citizens of the State of Pennsylvania or states other than the State of Alabama.

13. Defendant, Earnest Partners, LLC, is a foreign corporation registered to do business in the State of Alabama. It is incorporated in the State of Georgia, and its principal place of business is in the State of Georgia.

14. Defendant, Turner Investment Partners, Inc., is a foreign corporation registered to do business in the State of Alabama. It is incorporated in the State of Pennsylvania, and its principal place of business is in the State of Pennsylvania.

15. Defendant, Acadian Asset Management, LLC, is a foreign corporation registered to do business in the State of Alabama. It is incorporated in the State of Delaware, and its principal place of business is in the State of Massachusetts.

16. Defendant, Principal Global Investors, LLC, is a foreign corporation registered to do business in the State of Alabama. It is incorporated in the State of Delaware, and its principal place of business is in the State of Iowa.

17. Defendant, Western Asset Management Company, is a foreign corporation registered to do business in the State of Alabama. It is incorporated in the State of California, and its principal place of business is in the State of California.

18. Each of the Defendants named herein have been specifically designated by the PACT Board as co-trustees for the purpose of managing and making investments on behalf of the PACT Program. Alternatively, each of the Defendants named herein are implied trustees because they each knowingly participated in and assisted in the PACT Board's breach of its fiduciary obligations under Alabama law by making, or causing to be made, certain investments of PACT funds which are not allowed under governing law.

## FACTUAL ALLEGATIONS

19. The Prepaid Affordable College Tuition program ("PACT"), administered by and through the Alabama State Treasurer's Office, is a Section 529 program that allows individuals to pre-pay for in-state public, private and/or out-of-state colleges.

20. Since approximately 1989, thousands of individuals, both State of Alabama residents and non-residents, have enrolled, signed contracts to obtain beneficial interests in the PACT Trust Fund and made timely payments in said PACT plan in anticipation of receiving the following benefits of the trust:

      a.     The PACT program makes payments directly to the institution;

      b.     The PACT four-year contract covers in-state public tuition for up to 135 semester hours, or the equivalent at institutions on a quarter or other academic term basis.

      c.     PACT pays qualified fees for eight semesters, or the equivalent number for colleges and universities on another academic term basis.

      d.     The PACT one-year contract covers in-state public tuition for up to 32 semester hours, or the equivalent at institutions on a quarter or other academic term basis.

      e.     PACT will also pay qualified fees for two semesters, or the equivalent number for colleges and universities on another academic term basis.

      f.     A PACT student may transfer from one college to another and unlimited transfers are permitted.

      g.     If a student chooses to attend a private or out-of-state institution, a weighted average of tuition and qualified fees at the Alabama four-year public institutions, calculated annually, will be paid to the private or out-of-state school.

      h.     Three types of payment plans are available for both contract options: a single, lump-sum amount; a five-year plan of 60 monthly payments (which is only available for students in the seventh grade or below); and an extended plan of monthly payments until the student reaches college age.

21.    On or about October 16, 2002, Plaintiff Brian A. McVeigh purchased a PACT contract for beneficiary Sarah K. McVeigh, Account No. 9020689312, as his "Designated Beneficiary" of his contract for a beneficial interest in the PACT Trust Fund with 199 extended monthly payments totaling $22,686.00, including the $100.00 application fee. The contract provides 135 semester hours or the academic equivalent units on a quarter system of Alabama public undergraduate tuition or until an award of a baccalaureate degree, which ever comes first;

and 8.0 semester (12.0 quarter) payment of qualified fees. Beneficiary Sarah K. McVeigh's projected enrollment date is 2019. Plaintiff McVeigh has timely performed all of his obligations under the contract to date.

22.     On or about September 29, 1999, Plaintiff Lynne Whitten purchased a PACT contract for beneficiary Peyton J. Whitten, Account No. 9990561540, as her "Designated Beneficiary" of his contract for a beneficial interest in the PACT Trust Fund through 60 payments over a five year period ending December 2004, for a total payment of $11,160.00, including the $100.00 application fee. The contract provides 135.0 semester hours or the academic equivalent units on a quarter system of Alabama public undergraduate tuition or until an award of a baccalaureate degree; and 8.0 semester (12.0 quarter) payment of qualified fees. Beneficiary Peyton J. Whitten's projected enrollment date is 2015. Plaintiff Whitten has timely performed all of her obligations under the contract to date.

23.     On or about December 26, 2008, Plaintiffs Allen R. Hudson and Nina H. McGinnis purchased a PACT contract for beneficiary Stevie A. Graves, Account No. 1007400455, as their "Designated Beneficiary" of their contract for a beneficial interest in the PACT Trust Fund. Stevie Graves' projected date of enrollment in college is 2025. A lump sum payment has been made for $22,031 and an application fee of $100 has been paid.

24.     On or about October 29, 2008, Plaintiff Allen R. Hudson also purchased a PACT contract for beneficiary Emma L. Hathaway, Account No. 1008401113, as his "Designated Beneficiary" of his contract for a beneficial interest in the PACT Trust Fund. Emma L. Hathaway's projected date of enrollment in college is 2026. A lump sum payment has been made for $24,149 and an application fee of $100 has been paid.

25. Funds received by the PACT program are deposited into the PACT Trust Fund. The plaintiffs and/or their named children are the beneficiaries of the trust fund by way of the PACT contracts executed with the PACT Program. To meet the PACT program's obligations to the beneficiaries, the PACT Board of Directors invests the trust fund assets in a variety of domestic and international stocks, domestic securities, and cash, by and through its primary adviser, Defendant Callan Associates, Inc. ("Callan").

26. Subsequently, Defendant Callan directs the decisions pertaining to the aforesaid investments, which are made by nine individual investment firms, eight of which are identified herein as the other named Defendants: INTECH Investment Management, LLC, Rhumbline Advisers, C.S. McKee, LP, Earnest Partners, LLC, Turner Investment Partners, Inc., Acadian Asset Management, LLC, Principal Global Investors, LLC, and Western Asset Management Company.

27. Code of Alabama § 16-33C-6(d) imposes on the defendants the duty to act as trustees of the PACT funds by requiring them to "exercise the judgment and care under the circumstances then prevailing which persons of prudence, discretion, and intelligence exercise in the management of their own affairs, not in regard to speculation but to permanent disposition of funds, considering the probable income as well as the safety of their capital."

28. Alabama law also requires that PACT funds be invested in accordance with the Legislature's lawful instructions under Ala. Code § 16-33C-5(3). The Legislature's grant of investment authority to the trustees and their delegates is likewise governed by Ala. Const. art IV, § 74.

29. The defendants invested the PACT funds in instruments that were imprudently risky and speculative, or they imprudently did so without adequate information as to their risk,

and the defendants invested a larger portion of the funds in certain high risk equities, such as mortgage-backed derivatives and other inappropriate private, non-government backed or secured equities, than was prudent given the needs of the PACT Trust Fund. Further, the Defendants made (or caused to be made) certain investments that were forbidden under Alabama law.

30.     On or about February 27, 2009, all PACT Participants, including the Plaintiffs, were notified via letter from Kay Ivey, the Alabama State Treasurer, that the funds contributed by the Plaintiffs and/or other PACT contract holders, and subsequently invested and managed by the aforesaid named Defendants, have lost approximately fifty percent (50%) of their value in the last fourteen (14) months.

31.     Subsequently, on or about March 15, 2009, it was revealed that the State of Alabama now lacks the assets it requires to meet its obligations regarding the PACT contracts that it holds with the Plaintiffs and other PACT contract holders.

32.     Due to the Defendants' collective negligence, wantonness, breach of contract, and/or failure to properly administer, invest and/or manage the investments relevant to the PACT plan, the viability of the PACT Trust Fund has been seriously compromised, jeopardizing the beneficial interests of the Plaintiffs and/or other PACT contract holders and/or the rights of other PACT third-party beneficiaries. Because of the Defendants' conduct, the children or other "Designated Benficiaries" of these persons are and/or will be unable to attend college as the PACT plan intended and have lost the benefit of their bargain with the PACT Program.

33.     The plaintiffs have standing to bring suit directly against the defendants on behalf of themselves and all other beneficiaries of the PACT Trust Fund by virtue of the defendants' status as trustees under Ala. Code § 16-33C-6(d) or implied trustees as a result of their substantial and knowing participation in the improper and illegal mismanagement of the PACT

Trust Fund and their role in causing the PACT Board to breach its fiduciary obligations as trustee.

34. Alternatively, the plaintiffs have standing to bring suit against the defendants, because the PACT Board has not met its obligation to do so, and it has no intention of doing so despite its knowledge of the allegations of this complaint. The PACT Board participated in the tortious and imprudent actions of the defendants, and the PACT Board has had knowledge of the defendants' tortious and imprudent actions for years and failed to take action. In fact, the PACT Board continues to utilize the services of the defendants, and the Board has yet to rectify the imprudent investment strategy that caused the plaintiffs' damages. Furthermore, delaying this suit to make a demand on the PACT Board to act would only compound the damage already done to the trust fund and make restoration of the fund more difficult. Therefore, making a demand on the PACT Board to bring suit against the defendants would be futile.

## **CLASS ALLEGATIONS**

35. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

36. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs seek to represent and allege damages to the following class in their claim for restitution (Count One *infra*): all enrollees and beneficiaries of the Alabama PACT program who have met their current obligations to the program.

37. On information and belief, the class includes thousands of persons, making joinder of all of the class members impracticable.

38. There are questions of law and fact common to all of the class members, because they collectively seek restoration of assets to the PACT Trust Fund by the defendants.

Therefore, the question of whether the defendants violated their fiduciary duty to the fund and the class members and must restore the fund is based on a single set of facts and law common to all of the class members.

39. The claims of the Plaintiffs seeking to represent the class are typical of the claims of the class. The Plaintiffs and their named children are members of the class and the interest they seek to vindicate is identical to all of the class members.

40. The Plaintiffs will fairly and adequately protect the interests of the class, and Plaintiffs' counsel has extensive experience in mass tort and class action litigation and the resources to pursue such claims on behalf of the class.

41. Certification under Fed. R. Civ. P. 23(b)(1) and/or (b)(2) is proper, because the defendants have acted on grounds generally applicable to the class, thereby making declaratory and injunctive relief appropriate respecting the class as a whole, in that the defendants' conduct has injured the PACT Trust Fund, and the class members seek to have the fund restored.

WHEREFORE, premises considered, Plaintiffs request an order certifying the above class and a judgment awarding the relief sought in Count one on a class wide basis. Alternatively, Plaintiffs seek an order of restitution to each class member for the value of tuition lost by reason of the defendants' conduct alleged in each count of the complaint, plus interest, attorneys' fees and costs.

## COUNT ONE

### Claim On Behalf Of The Class Against All Defendants
### For Equitable Restitution to the Trust

42. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

43. The Plaintiffs asserting this claim for restitution and recovery of those monies belonging to the PACT Trust Fund that the Defendants caused to be lost as a result of their improper and illegal conduct. This claim for restitution compelling the Defendants to restore to the PACT Trust Fund the losses sustained by reason of the Defendants' wrongful conduct is based on the Defendants' breach of fiduciary duty and/or negligence or wantonness, or alternatively, the Defendants' breach of its Contract with the PACT Board, to which the Plaintiffs and other class members are third party beneficiaries

44. Defendants owed a fiduciary duty imposed by statute and by contract to prudently manage, invest and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and their named children.

45. The Defendants likewise owed a fiduciary duty to make only those investments on behalf of the trust which are permitted under Alabama law, and further, owed a duty not to cause the PACT Board to breach its own fiduciary obligations established under Alabama law.

46. Defendants breached this duty by intentionally, negligently, and/or wantonly failing to prudently manage, invest and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and their named children, and/or making investments not permitted under Alabama law, or knowingly causing those investments to be made by the PACT Board, causing substantial losses to the PACT Trust Fund.

47. Due to the Defendants' conduct and grievous injury to the trust, Plaintiffs individually and/or their third-party beneficiaries have been damaged to the extent that their goal of receiving a college education for a child, family member or a loved one has been adversely affected and/or eliminated, and the PACT Trust Fund has incurred substantial monetary losses.

WHEREFORE, premises considered, Plaintiffs on behalf of themselves, their named children, all other beneficiaries of the PACT Trust Fund, and the PACT Trust Fund itself, demand judgment against Defendants declaring that they have violated their fiduciary duties and ordering them to restore to the PACT Trust Fund the losses sustained by reason of the Defendants' wrongful conduct, plus interest, attorneys' fees and costs.

## COUNT TWO

### Individual Claim On Behalf Of The Plaintiffs Against All Defendants
### For Breach of Contract

48     Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs as if fully se forth herein.

49     Defendants had a contractual duty to the PACT Board of Directors acting on behalf of the PACT Trust Fund to prudently manage, invest and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and their named children in compliance with Alabama law.

50.     Defendants breached this contractual duty by failing to prudently manage, invest, and/or provide sound financial advisement decisions regarding the PACT funds and/or monies invested on behalf of the Plaintiffs and their named children in compliance with Alabama law.

51.     Due to this breach, the PACT Trust Fund has incurred substantial monetary losses.

52.     As third-party beneficiaries to any and all contracts between the PACT Board of Directors and the Defendants, the Plaintiffs and their named children have been damaged to the extent that their goal of receiving a college education for themselves, a child, a family member or a loved one has been adversely affected and/or eliminated, and they have been deprived of their bargained for exchange with the PACT program.

WHEREFORE, premises considered, Plaintiffs on behalf of themselves, their named children and the PACT Trust Fund demand judgment against Defendants separately and severally for compensatory damages, interest, attorneys' fees, and costs of Court.

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE**

Respectfully Submitted,

/s/ Miles Clayborn Williams
Andrew P. Campbell (CAM006)
Miles Clayborn Williams (WIL283)
Leitman, Seigal, Payne & Campbell, P.C.
2100-A Southbridge Parkway, Suite 450
Birmingham, Alabama 35209
205.803.0051
facsimile 205.803.0053
acampbell@cgl-law.com
cwilliams@lspclaw.com

Donald W. Stewart (STE045)
Donald W. Stewart, PC
P. O. Box 2274
Anniston, AL 36202
256.237.9311
facsimile 256.237.0713
donaldwstewart5354@yahoo.com

Dagney Johnson Walker (JOH180)
Johnson and Walker LLC
2100 3rd Avenue North, Suite 810
Birmingham, AL 35203
205.254.3927
facsimile 205.254.3939
dagneyjohnson@hotmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused a copy of the foregoing to be served electronically served upon the following counsel by filing a copy of same with the EC/CMF system, this 10th day of August, 2009:

Matthew H. Lembke
Andrew Brasher
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Robert K. Spotswood
Michael T. Sansbury
SPOTSWOOD SANSOM & SANSBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 986-3621
Facsimile: (205) 986-3639
rks@spotswoodllc.com
msansbury@spotswoodllc.com

Luca Bronzi
HOGAN & HARTSON LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone:  (305) 459-6621
Facsimile:  (305) 459-6550
lrbronzi@hhlaw.com

A. Inge Selden, III
Lee E. Bains, Jr.
Edward A. ("Ted") Hosp
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone: (205) 254-1000
Facsimile: (205) 254-1999

lbains@maynardcooper.com
iselden@maynardcooper.com
thosp@maynardcooper.com

Michael A. Collora
Ariatna Villegas-Vazquez
DWYER AND COLLORA
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Telephone:  (617) 371-1033
Facsimile:  (617) 371-1037
mcollora@dwyercollora.com
avillegas-vazquez@dwyercollora.com

Gregory H. Hawley
WHITE ARNOLD & DOWD P.C.
2025 3rd Avenue North, Suite 500
Birmingham, Alabama 35203
Telephone: (205) 323-1888
Facsimile: (205) 323-8907
ghawley@waadlaw.com

Michael A. Burger
GRENEN & BIRSIC, P.C.
One Gateway Center, Ninth Floor
420 Fort Duquesne Boulevard
Pittsburg, Pennsylvania  15222
Telephone: (412) 281-7650
Facsimile: (412) 281-7657
mburger@grenenbirsic.com

John Rock
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 492-6948
Facsimile: (612) 340-2868
rock.john@dorsey.com

Jere F. White, Jr.
William H. Brooks
Brooke G. Malcom
LIGHTFOOT FRANKLIN WHITE LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200
Telephone:  (205) 581-0700
Facsimile: (205) 581-0799
jwhite@lightfootlaw.com
wbrooks@lightfootlaw.com
bmalcom@lightfootlaw.com

Michael W. McTigue
Richard E. Coe
DRINKER BIDDLE
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone:  (215) 988-2751
Facsimile:  (215) 988-2757
Michael.McTigue@dbr.com
Richard.Coe@dbr.com

Luther M. ("Rusty") Dorr, Jr.
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone:  (205) 254-1030
Facsimile:  (205) 254-1999
rdorr@maynardcooper.com

Perry A. Napolitano
REEDSMITH LLP
435 Sixth Avenue
Pittsburgh, PA  15219
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063
pnapolitano@reedsmith.com

Douglas K. Spaulding
REEDSMITH LLP
1301 K Street, N.W.
Suite 1300 East Tower
Washington, DC 20005
Telephone:  (202) 414-9235

Facsimile:  (202) 414-9299
dspaulding@reedsmith.com

Robert D. Eckinger
ADAMS AND REESE LLP
2100 Third Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 250-5011
Facsimile:  (205) 250-5034
Robert.eckinger@arlaw.com

Marc T.G. Dworsky
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071-1560
Telephone:  (213) 683-9256
Facsimile:  (213) 683-5156
marc.dworsky@mto.com

                                              /s/ M. Clayborn Williams
                                              Attorney for Plaintiffs