FILED

2009 Aug-10  PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRIAN A. MCVEIGH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:09-CV-685-RDP |
| | ) | |
| CALLAN ASSOCIATES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF THE PLAINTIFF'S STANDING
<u>TO BRING CLAIMS ON BEHALF OF THE PACT TRUST FUND</u>**

The Plaintiff, Brian A. McVeigh, individually and on behalf of others similarly situated, files this Supplemental Memorandum of Law showing his legal standing to bring claims on behalf of all other Alabama Prepaid Affordable College Tuition ("PACT") Trust Fund beneficiaries.  In this Memorandum, the plaintiff addresses those issues for which the Court ordered special briefing.  *See* D.E. 39.

**<u>PRELIMINARY STATEMENT</u>**

Under Alabama trust law, the plaintiffs are beneficiaries of the PACT Trust Fund entitling them to assert certain claims in defense of the trust and the Defendants are designated trustees or trustees *in invitum* (also known as implied trustees) against whom the Plaintiffs, as PACT Trust beneficiaries, may assert claims directly for restitution on behalf of the trust.  Even if this Court finds that defendants are not implied trustees, the plaintiffs have standing to bring suit against the defendants as third party beneficiaries.

**A.  General Overview of The PACT Program.**

In 1989, the Alabama Legislature passed the "Wallace-Folsom College Savings Investment Plan Act" establishing two related programs intended "to assist individuals in paying costs and expenses of attending colleges and universities and thereby encourage students to attend colleges and universities."  Ala. Code § 16-33C-1.  The Legislature further declared its intent to "encourage timely financial planning for higher education."  *Id.*  The programs created under this Act include the PACT Program and the ACES Program.  *See generally* Ala. Code § 16-33C-2.1,§ 16-33C-6, and § 16-33C-10. The program at issue in this case is the PACT Program.

The PACT Program includes two separate trusts, (1) the PACT Trust Fund and (2) the PACT Administrative Fund.  Ala. Code § 16-33C-6(a).  The members of the board of directors (or the "Board[1]")  for the PACT Program also serve as trustees for these two trusts.  § 16-33C-3(6).  Under the Act, the Board enters into "PACT Contracts[2]" with individuals (called "Purchasers[3]") who seek to become assigned beneficiaries of the PACT Trust.  Ala. Code § 16-33C-5(5).  The extent of that assignment is defined by the PACT Contract.  *See* § 16-33C-6(b) ("A PACT contract … does not constitute a debt or obligation of the state, and no participant is entitled to any benefits except those for which he or she contracted").  The basic terms for these contracts are uniform for all Purchasers and are governed by § 16-33C-7. These

---

[1] The term "Board" is defined under § 16-33C-3(6) as "[t]he board of directors of the plan and trustees of the PACT and ACES Trust Funds."

[2] The term "PACT Contract" is defined under § 16-33C-3(17) as "[a] contract entered into by the board and a participant in the PACT Program."  As discussed above, the term "participant" is also given definition, and within the terms of the PACT Program, refers to PACT Trust Fund beneficiaries entitled to receive benefits from the trust to the extent of their assignment from the PACT Program.

[3] The term "Purchaser" is defined under § 16-33C-3(19) as "[a] person who is obligated to make contract payments in accordance with a PACT contract entered into pursuant to this chapter."

individuals then identify their intended third-party beneficiary (which the statutes call a "designated beneficiary[4]" of their assigned beneficial interests.

Under the Act, all payments received by the Board from Purchasers or whatever other source must be placed in the PACT Trust fund.  *See* Ala. Code § 16-33C-6(c).  The PACT Trust fund is the sole source for all PACT Program obligations, including those relating to its assignment of its beneficial interest to Purchasers.  *See* Ala. Code § 16-33C-6(b).  The State of Alabama has no interest whatsoever in the amounts deposited with the PACT Trust Fund.  *Id.*  All monies placed in the PACT Trust Fund from Purchasers or from other private or public sources are irrevocably pledged and cannot be used for any purpose other than those specified under the PACT statutes.  *Id.*  If the PACT Program is dissolved for any reason, all funds placed in the PACT Trust must be disbursed <u>first</u> to all PACT Trust Fund "Purchasers" commensurate with their status as assigned beneficiaries of the PACT Program.[5]  Ala. Code § 16-33C-9.  After those obligations are satisfied, remaining funds are transferred to the Alabama Commission on Higher Education or its successor.  *Id.*

Under § 19-3B-102, Alabama trust law applies to all statutorily created trusts like this one.  The PACT statutes together make up PACT Trust Fund's trust instrument or document.  Under that "instrument or document," the Board is the PACT Trust Fund trustee and all Purchasers are assigned beneficiaries of the PACT Program pursuant to

---

[4] The term "Designated Beneficiary" is defined as "[t]he person designated as the time the PACT contract is entered into or ACES savings account opened as the person who benefits from payments of qualifies higher education costs at eligible educational institutions, or that person's replacement."  The designated beneficiary, therefore, is the third-party beneficiary of the assignment contract executed by the "Purchaser" as the assignee of the PACT Program's beneficial interest.

[5] Section 16-33C-9, which addresses the manner of dissolution for the PACT Program, prioritizes the payment of "all costs and liabilities of the PACT Program" above other disbursements upon liquidation.  The preeminent "liability" of the PACT Program as the assignor of its beneficial interest under the PACT Trust Fund, therefore, is to the plaintiffs as purchasers of the PACT program.

their various statutorily-constructed contracts.

**B.  The Plaintiffs' Claims.**

As assigned beneficiaries of this trust fund, the Plaintiffs seek to compel the Defendants to restore to the trust the amounts lost due to their improperly investing the PACT funds and also, the defendants' collective failure to comply with Alabama law and the applicable standards of care in the management of the PACT Trust Fund.   In connection with these claims, the Plaintiffs allege that the Defendants owe distinct duties to the trust and that the Defendants are designated trustees or de facto trustees (sometimes called "trustees *in invitum*" or "trustees *de sans tort*").     The Plaintiffs' status as beneficiaries gives them standing to bring this action against the Defendants as either designated or de facto trustees for the PACT Trust Fund.   Additionally, even if the Plaintiffs were not considered trust beneficiaries, the plaintiffs, as third party beneficiaries to the agreement between the Defendants and the PACT Board, clearly have standing to bring suit against the defendants as third party beneficiaries.

## ARGUMENT

I.      **The Plaintiffs and the putative class have a beneficial interest in the PACT Trust Fund and are therefore entitled to bring claims against all designated or de facto trustees.**

The Plaintiffs' standing to assert the claims raised in this action arise out of their beneficial interest in the PACT Trust Fund conferred by assignment from the PACT Program through the PACT Contracts they executed. Under the Act, the Board enters into "PACT Contracts" with individuals (called "Purchasers")  who become assigned beneficiaries of the PACT Trust.  Ala. Code § 16-33C-5(5).   The extent of that assignment is defined by the PACT Contract.  *See* § 16-33C-6(b) ("A PACT contract …

does not constitute a debt or obligation of the state, and no participant is entitled to any benefits except those for which he or she contracted"). The basic terms for these contracts are uniform for all Purchasers and are governed by § 16-33C-7. These individuals then identify their intended third-party beneficiary (which the statutes call a "designated beneficiary" of their assigned beneficial interests).

The Plaintiffs do not dispute that the Act, when read *in pari material*, implicitly (though not expressly) appears to identify the PACT Program as the original beneficiary to the PACT Trust Fund. This construction makes sense because at the time of the PACT Trust Fund's creation, the settlor (i.e., the Legislature) could not ascertain with specificity those individuals who sought to participate in the benefits the PACT Trust Fund was intended to provide.[6] For that reason, the Legislature authorized the PACT Program, through its Board, to contract away discrete parts of its beneficial interest in the PACT Trust Fund within the confines established by each Purchaser's PACT Contract. In this regard, it is well-established that, in the absence of any provision in the trust instrument or statute to the contrary, a beneficiary may freely alienate its interest. *See* George G. Bogert & George T. Bogert, *The Law Of Trust and Trustees*, § 188 (Supp. 2008) ("In the absence of provisions in the trust instrument or a statute to the contrary, the beneficiary may alienate his interest as freely as he might a legal estate or interest."). In this instance, far from there being a prohibition against the PACT Program alienating its beneficial

---

[6] The Asset Manager Defendants' Brief unduly places great weight on what it erroneously perceives to be certain differences between the PACT Program and its sister ACES Program. Asset Mgr's Br. at 9-10. Those differences have no bearing whatsoever on -- nor do they disprove or discredit -- the Legislature's intent to have the PACT Program assign beneficial interests to PACT Contract "Purchasers" in accordance with statutory assignment contracts. All the Asset Manager Defendants' argument in this regard demonstrates is that each Program provides a different type of product for those wanting to establish a source for future tuition payments for another. The structure and purpose of the ACES Program does not require an intermediary beneficiary like the "PACT Program" to assign its beneficial interest because of the completely different nature of the "account" created.

interest, <u>there is actually a statutory provision authorizing it and then establishing basic terms under which that alienation may occur.</u>[7] Ala. Code §§ 16-33C-5(5) and 16-33C-7.

The PACT Program's alienation of a portion of its beneficial interest subject to the limits and conditions included in each PACT Contract carries with it a right to assert whatever claims arise against the trustee or others who, like the Defendants here, acquire trustee status.  Bogert, *The Law of Trusts and Trustees*, § 188 ("A transferee steps into the shoes of the transferring beneficiary as to claims against the trustee and takes subject to the same rights and powers of the trustee") and § 871 ("If a beneficiary has an interest which is transferrable, he may convey it to another who will be able to sue for breaches subsequently occurring…").  Consequently, the Plaintiffs, as assignees under the PACT Contract given a beneficial interest to receive certain monies from the PACT Trust Fund as set forth in the terms and conditions of their assignment, have a beneficial interest in the PACT Trust Fund and therefore are "beneficiaries" who are entitled to bring claims against the trustee and others for injuries to the trust.

Tellingly, none of the provisions cited by either brief the Defendants have filed is inconsistent with the fact of this assignment.  For instance, as one would expect, the Plaintiffs, as assignees of the PACT Program's beneficial interest, are entitled to receive their agreed sums in the event of a dissolution of the PACT Trust Fund because those sums are "liabilities" under their assignment (or PACT) contracts.  *See* Ala. Code § 16-33C-9 (referring to the prioritization of "all costs and liabilities of the PACT Program").

---

[7] If the Defendants are correct in their argument that the PACT Program, through its Board, is the exclusive trustee and beneficiary to the PACT Trust Fund, this results in a failed trust.  According to Restatement 2d of Trusts § 99, the sole beneficiary of a trust may not also be the sole trustee.  *See also Sisson v. Swift*, 9 So. 2d 891, 898 (Ala. 1942).  Under the Restatement, a trust no longer exists if the sole trustee becomes the sole beneficiary. Simple statutory construction rules dictate that this could not have been the Legislature's intent, because the clear language creating a "trust" would have been a nullity at the time of its passage. Accordingly, the Defendants <u>must</u> be wrong on at least one, if not both, of their arguments set forth in their supplemental brief.

Thus, this provision which the Defendants claim counsels against the Plaintiff's beneficiary status actually supports it.

Consistent with the fact of this assignment, Alabama Code § 16-33C-6 pledges the trust fund money to the payment of the program's obligation to the plaintiffs, giving the plaintiffs a lien on the program's interest in the trust fund to the extent of the plaintiffs' benefits due from the program.  Under comment d of Restatement (Second) of Trusts § 200, a person who is not a beneficiary of a trust, but who has an interest in the subject matter of a trust, may maintain a suit against a trustee (or an implied trustee as discussed below) to prevent injury to his interest in the subject matter of the trust.  The comments also state that a creditor of a beneficiary who acquires a lien upon the interest of the beneficiary (as bestowed by Ala. Code § 16-33C-6) succeeds to the interest of the beneficiary and can maintain a suit for the protection of that interest.  In *Levitt v. First American Title Ins. Co.*, the Court points out that "with respect to protecting the assets" of the trust the trustee has "a duty of reporting to its beneficiary all matters which might affect the trust property or the beneficiaries interest in the trust property."   See *Levitt v. First American Title Ins. Co.*, 159 Ariz. 359, 363 (Ariz. App. 1989).

For these reasons, the Defendants' arguments seeking to paint the Plaintiffs' interest in the trust as "incidental" misses the point entirely.  As established herein, the Plaintiffs have a <u>direct</u> interest in the PACT Trust Fund within the limits established by their assignment contracts with the PACT Program.  By virtue of that assigned beneficial interest, the Plaintiffs have standing to pursue claims against all actual and implied trustees on behalf of the trust.

II.     **The Plaintiffs have the right to bring this suit directly against the Defendants, who are either designated trustees or de facto trustees.**

In their Amended Complaint filed simultaneously with this brief, the Plaintiffs allege that the Defendants were and are actual or implied trustees, either by way of specific designation by the PACT Board acting under Legislative authority or by way of knowing participation and in the PACT Board's breach of its fiduciary obligations imposed by Alabama law.

The Defendants' respective roles with the PACT Trust Fund arise by way of specific appointment by the PACT Board.  The Legislature expressly authorized the PACT Board to delegate its "investment authority."  *See* Ala. Code § 16-33C-5(3) and (7).  Under the PACT statutes, the delegation of that authority carries with it specific legal and fiduciary obligations.  This delegation by the Legislature is subject to whatever limitations the Alabama Constitution places on Legislature, including the proscription against Legislative authorization of the investment of any trust fund by a trustee in the stock of a private corporation, unless that investment is government backed or insured. *See* Alabama Constitution Article IV, § 74.

The Defendants' respective roles with the PACT Trust Fund arise by way of specific appointment by the PACT Board, which the Legislature expressly authorized to delegate its "investment authority."  *See* Ala. Code § 16-33C-5(3) and (7).  Under the PACT statutes, the delegation of that authority carries with it specific legal and fiduciary obligations.[8]  First, there is the axiom that the Board, which has been conferred specific

---

[8] This delegation by the Legislature is subject to whatever limitations the Alabama Constitution places on Legislature, including the proscription against Legislative authorization of the investment of any trust fund by a trustee in the stock of a private corporation, unless that investment is government backed or insured, *see* Ala. Const. art IV, § 74.

powers by the Legislature in the creation of the PACT Program, cannot delegate more authority than it has been lawfully given under Alabama law.  *See, e.g.,* Ala. Code § 16-33C-5(3) and Ala. Const. art. IV § 74 (collectively establishing the limits of the investment powers that have been delegated to the PACT Board and, by extension, each of the named Defendants.)  Second, the delegation of this function by the Board carries with it the Board's fiduciary obligations.  These fiduciary obligations are set forth as follows in Section 16-33C-6(d):

> [T]he board and any person or investment manager to whom the board delegates any of its investment authority shall exercise the judgment and care under the circumstances … which persons of prudence, discretion, and intelligence exercise in the management of their own affairs… .

The Board's delegation of what is unquestionably its most central duty in connection with the PACT Trust Fund therefore results in the Defendants becoming *de facto* trustees in the management of the trust by having assumed all the benefits and obligations of the PACT Program trustees for investing activities.  *See In the Matter of the Application For A Judicial Settlement Of The Count Of Beiny*, 2003 WL 21729779, *7 (N.Y. Sur., July 17, 2003) ("[I]f a person assumes the duties of a trustee and acts like a trustee, even though he was not lawfully appointed as the trustee, he is classified as a de facto trustee and he has the same obligations as the de jure trustee to account for his activities." (citing two New York Appellate Division cases in support)).  In this case, by investing money on behalf of the PACT Fund, the defendants assumed the duties of a trustee and therefore, are responsible to the plaintiffs as de facto trustees.

The defendants participated in a breach of trust along with the PACT Board when the defendants acquired for the Board and advised the Board to acquire investments which the Board was not authorized to undertake.  As alleged in the amended complaint,

PACT Trust Fund monies were invested in highly speculative private securities, including mortgage-backed securities, that did not meet the fiduciary standard imposed by Ala. Code s. 16-33C-6(d).  Furthermore, investment of these funds in private securities violated Ala. Const. Art. IV § 74, which states that no legislative act may authorize a trustee to invest trust funds in the stock of any private corporation:

> No act of the legislature shall authorize the investment of any trust fund by executors, administrators, guardians, or other trustees in the stock of any private corporation; any such acts now existing are avoided, saving investments heretofore made; provided; however, that, unless otherwise provided by the legislature, any of said mentioned trust funds may be invested in corporation or institutions, investments in which are guaranteed as to principal by the United States government or insured as to principal by any instrumentality or agency thereof, provided such investments shall not exceed the amount insured by any such instrumentality or agency.

 The defendants are charged with the knowledge that such investments were illegal, and the plaintiffs allege that they knew or should have known that the investments were imprudently risky and violated the PACT Board's statutorily directed standard of care, which governs the investment of the PACT trust fund money.

Under Alabama law, when a trustee commits a breach of duty, third parties who knowingly participate in the breach become *trustees in invitum* (also known as implied trustees), and a beneficiary may hold them accountable separately or along with the trustee.  *Belcher v. Birmingham Trust National Bank*, 348 F. Supp. 61, 78 (N.D. Ala. 1961); *see also* Restatement (Second) of Trusts, § 326 (1959) ("A third person who, although not a transferee of trust property, has notice that the trustee is committing a breach of trust and participates therein is liable to the beneficiary for any loss caused by the breach of trust.").

This is exactly what Plaintiffs allege here. As set forth above, Alabama law

specifically limits the PACT Board's authority to make certain investments either directly on its own or indirectly through surrogates like the defendants here.  Importantly, in this case, the plaintiffs allege that the defendants made improper investments with presumed knowledge of Alabama law that certain investments made on behalf of the PACT Trust Fund with the approval of the PACT Board were improper and illegal.  The plaintiffs allege the PACT Board was duty-bound not to sanction those certain investments but nevertheless did so in violation of the PACT statutes and Alabama law (together comprising the governing trust documents) at the defendants' urging.  Accordingly, the defendants knowingly participated in and procured the PACT Board's breach of its fiduciary obligations imposed under Alabama law, making the defendants liable as trustees *in invitum* or trustees *de san tort.*

The California Court of Appeals applied this principal in a case remarkably similar to the PACT case in *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445 (Cal. Ct. App. 1998).  In that case, several municipalities were beneficiaries of a statutory investment trust run by Orange County, which bankrupted and the trust became insolvent.  The municipalities brought suit against the investment advisor and broker for the fund.  Although the defendants argued primarily that the plaintiffs as beneficiaries did not have standing to sue, the court stated that it was "well established" that where a trustee has committed a breach of trust, the beneficiaries may prosecute an action against third parties who actively participated in the breach.  *Id.*  The court specifically noted that 4 Scott on Trusts specifically stated that securities and stock brokers employed by a trustee may be liable for participation in a breach of trust if they have notice that the trustee is committing a breach of trust in undertaking securities

transactions, and the court further noted that this is a *direct* right of the beneficiaries.  See also Comment (a) to Restatement (Second) of Trusts, § 326, which states "if the trustee purchases through a stockbroker securities which it is a breach of trust for him to purchase and the broker knows that the purchase is in breach of trust, the broker is liable for participation in the breach of trust."

Here, the Plaintiffs allege that the Defendants, having presumed knowledge of the kinds of investments the trust is allowed to purchase and hold, knowingly caused the beach of trust giving rise to the Plaintiffs' claims.  The Plaintiffs also allege that the Defendants, charged with knowledge of the PACT Board's statutory standard of care (which notably applied to the Defendants too), knowingly caused the PACT Board to breach that standard in its management of PACT Trust Fund investments and accounts. Accordingly, under Alabama law, which is consistent with the long-established trust law of numerous other jurisdictions, the Defendants may be held liable by the Plaintiffs as PACT Trust Fund beneficiaries.

Bringing an action against a *trustee in invitum* is a direct right of the beneficiaries that is not derivative of the right of the trustee.  "The beneficiary has a right that no third person shall knowingly aid the trustee in committing a breach of his duties.  …Instances are numerous in which a third party who has assisted a trustee in committing a breach of trust has been held liable in a suit by the beneficiary or by his representative…."  See Bogert's *The Law of Trusts and Trustees,* section 868.  Therefore, there is no requirement for a demand on the trustee to bring the action.

### III.   The Plaintiffs may bring claims against the Defendants even if they are not designated trustees or de facto trustees because demand upon the PACT Board to bring suit would be futile.

Even if the Court were to find that the PACT Board and defendants did not participate together in a breach of the trust, a beneficiary has standing to sue a third party for injury to trust assets.  Bogert's *The Law of Trusts and Trustees,* section 869, page 118-21, cited in *Slaughter v. Swicegood*, 591 S.E.2d 577, 583 (N.C. App. 2004), states that if the trustee refuses or fails to initiate a meritorious lawsuit against a third party, the beneficiary may bring suit in equity to protect his own interests.  Bogert further states that the beneficiary is not enforcing his own cause of action, but he is acting as a temporary representative of the trust to obtain a recovery that will go to the trustee for the beneficiary's benefit.  A demand upon the trustee to bring suit is not required when it is sufficiently alleged that such a demand would be futile.  *Besser v. Miller*, 12 A.D.3d 1118, 785 N.Y.S.2d 625 (N.Y. App. Div. 2004).

The Fifth Circuit considered the sufficiency of such an allegation in the context of a shareholder derivative suit in *Liboff v. Wolfson*, 437 F.2d 121 (5th Cir. 1971)[9].  In *Liboff*, the plaintiff alleged that demand for suit upon a board of directors would have futile, because "[t]he majority of said directors, participated, approved of and acquiesced in said transaction and are liable therefore. The directors of the Corporation would not and could not diligently prosecute this action because they would have to bring it against themselves which would prevent its effective prosecution." *Id.* at 122.  The court had "not the slightest difficulty" in deciding that this relatively bare allegation met the pleading requirement for particularity of Fed. R. Civ. P. 23.1 for derivative actions.  *Id.*

---

[9]  Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

The court noted that the allegation may not ultimately be supported, but that the plaintiff had clearly articulated his reason for not making a demand.  *Id.*  In the case of the PACT Program, the plaintiffs allege that the PACT Board directed and participated in the making of investments with the defendants that were not only a breach of their fiduciary duty but illegal.  The plaintiffs allege that in order for the PACT Board to bring an action against third parties that they themselves directed, the PACT Board would have to allege and prove that its own actions were illegal.  Obviously, the PACT Board would have a conflict in bringing such a suit, and it would not be able to adequately represent the interests of the trust.  Therefore, demand on the PACT Board to bring its own suit would be futile.

## CONCLUSION

For these reasons, the Plaintiffs have a beneficial interest in the PACT Trust Fund by virtue of their status as assignees of the beneficial interest originally conferred upon the PACT Program by the Act.  As holders of this beneficial interest, the Plaintiffs may properly bring claims against the Defendants as either specially appointed trustees or as implied trustees *in invitum* because of their knowing participation in the PACT Board's purchase and holding of unlawful investments on behalf of the PACT Program.

Even if the plaintiffs are not considered beneficiaries, the plaintiffs have standing to bring suit against the defendants as third party beneficiaries.

For all of these reasons, this Court should deny the defendants' respective motions to dismiss plaintiffs' complaint because the plaintiffs do have standing under Rule 12(b)(1), Federal Rules of Civil Procedure to make their claims against the defendants.

Respectfully submitted,


/s Donald W. Stewart
Donald W. Stewart
One of the Attorneys for Plaintiffs
DONALD W. STEWART, P.C.
P. O. Box 2274
Anniston, AL 36202


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing via CM/ECF on this 10th day of August, 2009, which will automatically serve copies on the following counsel of record:

Callan Associates Inc.
Matthew H. Lembke
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
205.521.8000

Intech Investment Management LLC
Robert K. Spotswood
Michael T. Sansbury
Spotswood Sansom & Sansbury LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
205.986.3621

Rhumbline Advisers
Lee E. Baines Jr.
Edward A. Hosp
A. Inge Selden III
Maynard Cooper & Gale PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
205.254.1000

Michael A. Collora
Ariatna Villegas-Vazquez
Dwyer Collora LLP
600 Atlantic Avenue
Boston, MA 02210-2211
617.371.1033

C. S. McKee LP
Acadian Asset Management LLC
Lee E. Baines Jr.
Edward A. Hosp
A. Inge Selden III
Maynard Cooper & Gale PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
205.254.1000

Earnest Partners LLC
Lee E. Baines Jr.
Edward A. Hosp
A. Inge Selden III
Maynard Cooper & Gale PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
205.254.1000

John Rock
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
612.492.6948

Turner Investment Partners, Inc.
Jere F. White  Jr.
William H. Brooks
Brooke G. Malcom
Lightfoot Franklin & White, LLC
The Clark Building
400 North 20th Street
Birmingham, AL 35203
205.581.0700

Principal Global Investors, LLC
Luther M. Dorr, Jr.
Maynard Cooper & Gale PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
205.254.1000


Western Asset Management Company Inc.
Lee E. Baines Jr.
Edward A. Hosp
A. Inge Selden III
Maynard Cooper & Gale PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
205.254.1000

Marc T. G. Dworsky
Eric J. Lorenzini
Munger Tolles & Olson LLP
355 South Grand Avenue 35th Floor
Los Angeles, CA 90071-1560

/s/ Donald W. Stewart<br>Of Counsel