IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN A. McVEIGH, LYNNE WHITTEN, ALLEN R. HUDSON; and NINA H. McGINNIS, acting on behalf of themselves and their respective children, and on behalf of a class of similarly situated persons, ) ) ) ) ) ) Plaintiffs, ) ) ) v. ) ) CALLAN ASSOCIATES, INCORPORATED; ) INTECH INVESTMENT MANAGEMENT, LLC; ) RHUMBLINE ADVISERS; ) C.S. MCKEE, LP; ) EARNEST PARTNERS, LLC; ) TURNER INVESTMENT PARTNERS, INC.; ) ACADIAN ASSET MANAGEMENT, LLC; ) PRINCIPAL GLOBAL INVESTORS, LLC ) EASTERN ASSET MANAGEMENT COMPANY;) ) Defendants. ) | Case No. 2:09-CV-685-RDP |

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO CALLAN'S MOTION TO STAY
AND CALLAN'S ALTERNATIVE MOTION FOR CERTIFICATION**

---

The Plaintiffs hereby file this Response in Opposition to Defendant Callan's motion to stay and alternative motion for certification (D.E. 54). For the following reasons, Callan's motion, which contains wholly inaccurate characterizations of the Amended Complaint and the legal issues now before this Court, should be denied in its entirety.

**INTRODUCTORY STATEMENT**

As this Court is aware from the recently-filed Amended Complaint, the Plaintiffs' claims arise out of the Defendants' alleged participation in and abetting of certain clear breaches of fiduciary duty by the PACT Board. Specifically, the Plaintiffs allege that the Defendants knowingly aided, abetted and/or directed the PACT Board to invest in private securities even though the PACT Board has no statutory or constitutional authority to make those investments on behalf of the PACT Trust. (Am. Compl. at ¶¶ 28-29 and ¶¶ 45-46.) Additionally, the Plaintiffs allege that the Defendants knowingly aided, abetted and/or directed the PACT Board to deviate from its statutory standard of care by making patently imprudent investments given the purpose of the PACT Trust Fund and its actuarial requirements. (Id. at ¶¶ 27, 29, 44 and 46.) The Plaintiffs bring these claims as parties who attained their beneficiary status through <u>assignment</u> from the PACT Program, which holds an original beneficial interest under the PACT statutes.

Callan's Motion to Stay, like its other briefing on the Plaintiffs' allegations, misses the point entirely and ignores these key allegations. Instead of addressing the specific allegations in the Amended Complaint or any of the Plaintiffs' arguments in prior briefing on the application of trust law to the PACT program, Callan undertakes to "redefine" certain issues to give itself what it perceives to be an easier burden. But none of the "issues" identified in Callan's Motion, at least in how Callan has stated them, are issues pending in this case. In fact, Callan has yet to address head-on any of the Plaintiffs' theories, including the Plaintiffs' unquestionable status as the assignees of the PACT Fund's original beneficial interest in the PACT Trust. In responding to the Plaintiffs' allegations that Callan is an implied trustee under Alabama common law, Callan has also ignored

entirely the Plaintiffs' critical allegation that Callan <u>knowingly</u> participated in illegal conduct with the PACT Board in making unlawful investments.

The stay Callan requests would result in needless delay while the Alabama Supreme Court decides unrelated issues arising out of entirely different theories presented by differently-situated plaintiffs. Callan's request for certification of various "issues" identified in its Motion as an alternative relief is flawed as well because none of the "issues" it has defined in self-serving fashion have any remote connection to the allegations actually before this Court. Rather, they are only hypothetical questions for a case that does not exist, at least not here. For these reasons, Callan's Motion should be denied in its entirety.

## ARGUMENT

**I.   NO STAY SHOULD ISSUE BECAUSE THE AMENDED COMPLAINT IN THIS CASE RAISES COMPLETELY DIFFERENT ISSUES THAN THE INDIVIDUAL COMPLAINT FILED IN MONTGOMERY COUNTY.**

Callan has sought to distort both the Amended Complaint in this class action and the individual complaint in *Perdue* in an attempt to create some sort of fictitious overlap where there is none. The two complaints, however, speak for themselves and make clear that these are two very different cases brought by completely different plaintiffs.

**A.   The Amended Class Action Complaint Filed In This Case Seeks To Compel The Defendants To Restore Monies To The PACT Trust Based On Their Knowing Participation And Direction Of Violations Of State Law.**

The present action is governed by the Plaintiffs' Amended Complaint (D.E. 46). In the Amended Complaint, the Plaintiffs note that the investment authority of the PACT Board and its surrogates is strictly governed by Ala. Code § 16-33C-5(3), subject to the limitations placed by Ala. Const. art. IV, § 74, on the Legislature's authority on such matters. Am. Compl. at ¶¶ 27 and 28.

Under these two provisions, the PACT Board, as a state instrumentality created by the Legislature from which it derives its powers, is forbidden from, among other things, investing in private securities that are not government-backed. The Defendants cannot have any greater powers than the PACT Board which appointed them, which means they necessarily share these same fiduciary duties. Id. at ¶¶ 44-45.

In addition to breaching this clear proscription against making certain investments on behalf of a state-created trust, Callan and the other defendants have also breached their duties of care even for those investments they were allowed to make. Ala. Code § 16-33C-6(d) imposes on the defendants the duty to act as trustees of the PACT Fund by requiring them to "exercise the judgment and care under the circumstances then prevailing which persons of prudence, discretion, and intelligence exercise in the management of their own affairs, not in regard to speculation but to permanent disposition of funds, considering the probable income as well as the safety of their capital." Id. at ¶¶ 27 and 44. Here, the Plaintiffs allege that the Defendants aided and abetted the Pact Board in violating this statutory standard of care in light of the actuarial needs of the PACT Fund. Id. at ¶¶ 29 and 46.

The Plaintiffs also allege that Callan and the other defendants, with actual knowledge of Alabama law, knowingly and intentionally aided, abetted and directed the PACT Board to invest in, among other things, numerous private securities, including highly speculative mortgage-backed derivatives. Id. at ¶ 29 and 46. In doing so, the Defendants jointly participated along with the PACT Board in numerous breaches of fiduciary duties owed to the trust and systemic violations of state law. Id. at ¶ 46. This misconduct has resulted in precisely the type of grievous injury to the trust that the prohibition on the Legislature's authority placed by Ala. Const. art. IV, § 74 is meant

to avoid and which the PACT statutes themselves address. The Plaintiffs, through their class action complaint, seek an order compelling the Defendants to make restitution to the trust to restore the monies lost as a result of these violations of state law. Id. ("Wherefore" Clause to Count One demanding judgment ordering the Defendants "to restore to the PACT Trust Fund the losses sustained by reason of the Defendants' wrongful conduct, plus interest, attorneys' fees and costs"). The Plaintiffs further allege that their status as beneficiaries arises by assignment substantively made through their "MasterPACT" contracts with the PACT Program (where the Program agrees to pass a beneficial interest in a certain amount in exchange for scheduled payments), not by direct operation of the statute as Callan seems intent on misstating.

The present action arises out of the Defendants' improper investing activities undertaken on behalf of the PACT Trust Fund. As assigned beneficiaries of this trust fund, the Plaintiffs seek to compel the Defendants to restore to the trust the amounts they caused to be lost as a result of their collective failure to comply with Alabama law and applicable standards of care in the management of the PACT Trust Fund. In connection with these claims, the Plaintiffs allege that the Defendants owe distinct duties to the trust as either designated de facto trustees or implied trustees (sometimes called "trustees *in invitum*" or "trustees *de son tort*"). The Plaintiffs' "standing" to bring these claims, therefore, arises out of their status as assignees of the PACT Program's beneficial interest in the trust, and is brought against the Defendants as de facto or implied trustees *in invitum* or *de son tort* based on the Defendants' direct participation in the illegal conduct set forth above.

     **B.**     **The *Perdue* Complaint Was Brought By A Third-Party Beneficiary To The Assignment Contract For Only Breach Of Statutory Standards of Care.**

The *Perdue* complaint differs greatly from the Class Complaint. The two main differences, aside from the fact that the *Perdue* case is an individual action while the present case is a class

action, include distinctions between the plaintiffs themselves and distinctions in the wrongful conduct alleged. These differences are critical, because the two complaints pursue very different theories.

The first distinction relating to the status of the two sets of plaintiffs is critical to the "beneficiary" issue that Callan and the other defendants have argued. This difference lies in the varying relationships the two sets of plaintiffs have with the Defendants. The plaintiff in the *Perdue* action is not a direct assignee of the PACT Program's beneficial interest unlike the *McVeigh* Plaintiffs here. Instead, they are "Designated Beneficiaries" of the assignment contracts whose interest, at best, is derivative of the interest acquired by the original assignee. This distinction is of paramount importance in comparing the two actions because the *Perdue* plaintiffs, as third party beneficiaries of an assignment contract, have a beneficial interest in the assignment contract arising out of contract law, not a direct beneficial interest in the PACT Trust arising out of trust law.[1] Accordingly, the issue presented in *Perdue*, particularly as it relates to the plaintiffs' purported status as "trust" beneficiaries, is far different than the issue presented in this case where the plaintiffs have a direct assignee relationship with the PACT Program as the original beneficiary under the PACT statutes.

In the present case, however, each of the Plaintiffs seeking to maintain this case on behalf of a putative class is a "Purchaser" of the PACT Program's assigned beneficial interest. The extent of that interest is governed by whatever agreement has been reached between the parties. The MasterPACT contract expressly passes to each Plaintiff and other Purchaser the PACT Program's

---

[1] The *Perdue* plaintiffs appear to contend that their statutory identity as "Designated Beneficiaries" likewise means they are trust beneficiaries, not just contractual beneficiaries. The Plaintiffs here do not make this contention, as it is not relevant to their assignee status of the PACT Program as contract holders.

entitlement to trust benefits in a negotiated amount. The Defendants' argument that the absence of the word "assignment" prevents an assignment from occurring inappropriately elevates form over substance, and is therefore legally unsustainable.[2] The fact remains that the PACT Program has contracted away certain of its beneficial rights to the Plaintiffs as "Purchasers," which by definition is an assignment of those rights. In fact, this is what saves the trust from having the PACT Program serving as both the sole trustee and sole beneficiary, which would result in the automatic termination of the trust as a matter of law. *See First Alabama Bank of Tuscaloosa, N.A. v. Webb*, 373 So. 2d 631, 634 (Ala. 1979). Despite the Defendants' arguments, which tellingly fail to address directly the substantive occurrence of this assignment between the PACT Program and all Purchasers, it is clear that the *Perdue* plaintiff occupies a very different status than the Plaintiffs here. Accordingly, Callan's mandamus in *Perdue* will have no effect on McVeigh or the other plaintiffs in this case.

The second distinction relates to the ability of each set of plaintiffs to bring suit against Callan and the other Defendants assuming <u>trust</u> beneficiary (as opposed to contractual third-party beneficiary) status. Again, the differences in the two actions could not be clearer. In *Perdue*, the plaintiffs' theory of recovery does not depend at all on the defendants' individual or collective status as de facto or implied trustees *in invitum* or *de son tort*. Rather, the *Perdue* plaintiff maintain her claims against Callan exclusively as a separate third party employed by the PACT Board (which the *Perdue* plaintiff has also sued) as its agent without a single allegation that Callan knowingly aided or abetted the PACT Board in breaching its fiduciary duties. Instead, the *Perdue* plaintiff claims Callan violated its <u>own</u> duties as a trust contractor. By contrast, McVeigh and the other Plaintiffs

---

[2] The Defendants' arguments seeking to paint the Plaintiffs' interest in the trust as "incidental" similarly misses the point. As established herein and in the Plaintiffs' prior filing, the Plaintiffs have a <u>direct</u> interest in the PACT Trust Fund within the limits established by their assignment contracts with the PACT Program. By virtue of that assigned beneficial interest, the Plaintiffs have standing ton pursue claims against all actual and implied trustees on behalf of the trust.

in the instant case allege very specifically that Callan aided, abetted and directed the PACT Board's breach of its fiduciary duties, and as a result of that conduct, have become what the law calls de facto or implied trustees *in invitum* or *de son tort*. Under these principles, it is irrelevant that Callan may not originally have been designated as an actual trustee, because Callan's knowing participation in the trustee's fiduciary breach causes it to be considered an equitable trustee subject to direct suit by one holding a beneficial trust interest.[3] These specific allegations of wrongdoing are simply not there in the *Perdue* case. Therefore, as with the beneficiary issue, Callan's mandamus has no application.

### III. THERE ARE NO NOVEL QUESTIONS OF ALABAMA LAW PRESENTED IN THIS CASE, PARTICULARLY AS TO THE COMMON LAW OF TRUSTS.

Callan's distortion of the Plaintiffs' claims continues in paragraph 8 of its motion where it asks for alternative relief under Ala. R. App. P. 18 for the certification of three "issues." These purported issues, however, have little resemblance to the current trust law questions before the Court. The only questions that are actually before this Court are: (1) whether the Plaintiffs, as

---

[3] *See Belcher v. Birmingham Trust National Bank*, 348 F. Supp. 61, 78 (N.D. Ala. 1961); Restatement (Second) of Trusts, § 326 (1959) ("A third person who, although not a transferee of trust property, has notice that the trustee is committing a breach of trust and participates therein is liable to the beneficiary for any loss caused by the breach of trust."); *see also City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445 (Cal. App. 1998) (which, as discussed previously in the Plaintiffs' supplemental memorandum (D.E. 47) presents an almost identical fact situation to this case and stands for this same proposition); *In the Matter of the Application For A Judicial Settlement Of The Count Of Beiny*, 2003 WL 21729779, *7 (N.Y. Sur., July 17, 2003) ("[I]f a person assumes the duties of a trustee and acts like a trustee, even though he was not lawfully appointed as the trustee, he is classified as a de facto trustee and he has the same obligations as the de jure trustee to account for his activities." (citing two New York Appellate Division cases in support)). The Defendants claim in their reply brief that the statute upon which *Belcher v. Birmingham Trust National Bank* partially relied has been repealed. This is misleading. *Belcher* specifically noted that it was relying on a common law principle to hold that one who knowingly participates in a breach of the trust becomes separately accountable to the beneficiary. *Belcher*, 348 F. Supp. 61, 78 (N.D. Ala. 1968). Under Alabama's Uniform Trust Code, the common law of trusts and principles of equity remain in force unless modified by statute. Ala. Code § 19-3B-106. The specific statute *Belcher* cited was repealed as part of a wholesale replacement of many of Alabama's former trust statutes with the Uniform Trust Code. However, the principle expressed in the statute was essentially reenacted in Ala. Code § 19-3B-1012, which states that one who assists a trustee in good faith and without knowledge that the trustee is exceeding his authority is protected from liability. Here, the Plaintiffs have specifically pled that the Defendants knowingly assisted the PACT Board in a breach of trust. Thus, the Defendants are directly accountable to the Plaintiffs without the need for a derivative claim through the PACT Board.

assignees of the PACT Program's beneficial interest, by virtue of that assignment have become beneficiaries of the PACT Trust Fund, entitling them to assert certain claims in defense of the trust; and (2) whether the allegations in the Amended Complaint support the Plaintiffs' claim that the Defendants are designated trustees or trustees *in invitum* against whom the Plaintiffs, as PACT Trust beneficiaries, may assert claims directly for recoveries on behalf of the trust. To answer these questions, the Court needs to look no further than to Alabama's 150-plus year-old body of trust law and its common law of assignments within the context of the "trust instrument" (i.e., the PACT statutes), the assignment contract, and the Plaintiffs' allegations that the Defendants aided, abetted and directed the PACT Board's violations of state law in breach of their fiduciary obligations.

First, Callan suggests that this Court should certify the question whether a PACT Program Purchaser a beneficiary of the PACT Trust Fund. Callan states this question in the abstract and notably avoids any consideration of the substantive assignment that occurs under the PACT contract. The fact of this assignment, however, is a critical piece to the Plaintiffs' complaint and cannot be ignored. Yet Callan, in both its prior supplemental briefing and in its Motion now, conspicuously ducks this issue altogether and tries to change the subject because the law is clear that beneficial interests are freely assignable.[4] *See* George G. Bogert & George T. Bogert, *The Law Of Trust and Trustees*, § 188 (Supp. 2008) ("In the absence of provisions in the trust instrument or a statute to the contrary, the beneficiary may alienate his interest as freely as he might a legal estate or interest.").

---

[4] Callan's citation to Restatement (Second) of Trusts § 127 relating to the settlor's intent is incomplete and misleading, and does not consider or address the ability of a designated beneficiary to alienate or assign part or all of his or her beneficial interest.

9

Second, Callan posits whether Callan's entry into a contract with the PACT Board makes it an "actual or implied trustee," which again is an abstract question that ignores the key facts and allegations at hand. The Plaintiffs' primary allegation is that Callan is a de facto or implied trustee by <u>by virtue of its direct participation in the PACT Board's breach of its fiduciary duties under Alabama law</u>. Alabama law and the law of numerous other jurisdictions clearly provide that a third party becomes an implied trustee *in invitum* or *de son tort* if it engages in such activities.[5] This issue is not novel such that certification is necessary, either as a matter of comity or as a matter of efficiency. And in any event, Callan's question, as it has attempted to frame this issue, ignores these critical allegations altogether, making the question completely irrelevant to this action.

Third, Callan proposes to ask whether a beneficiary may initiate a lawsuit against a third party (notably assumed in the question not to be an implied trustee) without first making a demand upon the trustee to bring suit on behalf of the trust. This "issue" is simply made-up. Again, the Plaintiffs' right of action against Callan and the other defendants arises out of the law of de facto or implied trustees, which holds that a beneficiary may bring suit directly against a third party without regard to the trustee's actions if that third party is alleged to have knowingly participated in the trustee's breach of fiduciary obligations. The Plaintiffs' allegations <u>in the alternative</u>, which are made in case the Court decides against Callan's implied trustee status, are that demand is futile because of the intricate connections and shared conduct between the trustee and these defendants. These allegations are assumed to be true for present purposes, yet Callan insists on ignoring these also. Thus, Callan's question in this regard simply ignores the Amended Complaint and attempts to cobble together a hypothetical that is not present.

---

[5] That Callan may dispute those facts is a matter for summary judgment or trial, not a motion to dismiss.

There are a number of other misleading characterizations of the Plaintiffs' position in Callan's proposed certification, which Callan has attached as an exhibit to its motion. If the Court is inclined to make any type of certification in this matter, Plaintiffs respectfully request the opportunity to present their own proposed certification in response. The Plaintiffs state again, however, that there is no need or justification for certification of any issues now before this Court. The questions before this Court must be considered within the context of the Plaintiffs' Amended Complaint. The Amended Complaint does not raise a single novel question of Alabama law not previously addressed in a different factual context in some form. For these reasons, Callan's alternative request for certification should be denied.

## **CONCLUSION**

Callan's motion seeking a stay and/or certification of certain questions it has taken upon itself to define should be denied. The Court has before it a simple matter of trust law involving a trust instrument (the PACT statutes) and an assignment contract. None of these issues remotely resemble the questions raised by the Montgomery Circuit Court's denial of Callan's motion to dismiss, which involves differently-situated plaintiffs and a different theory of recovery. Although the factual scenario may be new in that this particular trust and/or this particular assignment has not been considered before, there is hardly anything remarkable about the law affecting these issues. Thus, certification is inappropriate as well, particularly as to the self-serving "questions" Callan has asked having no relationship to the Amended Complaint in this case. For these reasons, Callan's Motion should be denied in its entirety.

Respectfully Submitted,


/s/ Miles Clayborn Williams
Andrew P. Campbell (CAM006)
Miles Clayborn Williams (WIL283)
Leitman, Siegal, Payne & Campbell, P.C.
2100-A Southbridge Parkway, Suite 450
Birmingham, Alabama 35209
205.803.0051
facsimile 205.803.0053
acampbell@cgl-law.com
cwilliams@lspclaw.com

Donald W. Stewart (STE045)
Donald W. Stewart, PC
P. O. Box 2274
Anniston, AL 36202
256.237.9311
facsimile 256.237.0713
donaldwstewart5354@yahoo.com

Dagney Johnson Walker (JOH180)
Johnson and Walker LLC
2100 3rd Avenue North, Suite 810
Birmingham, AL 35203
205.254.3927
facsimile 205.254.3939
dagneyjohnson@hotmail.com

CERTIFICATE OF SERVICE

    I hereby certify that I have caused a copy of the foregoing to be served electronically upon the following counsel by filing a copy of same with the EC/CMF system, this 4th day of September, 2009:

Matthew H. Lembke
Andrew Brasher
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000

Facsimile: (205) 521-8800
Robert K. Spotswood
Michael T. Sansbury
SPOTSWOOD SANSOM & SANSBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35203
Telephone: (205) 986-3621
Facsimile: (205) 986-3639
rks@spotswoodllc.com
msansbury@spotswoodllc.com

Luca Bronzi
HOGAN & HARTSON LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone: (305) 459-6621
Facsimile: (305) 459-6550
lrbronzi@hhlaw.com

A. Inge Selden, III
Lee E. Bains, Jr.
Edward A. ("Ted") Hosp
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
lbains@maynardcooper.com
iselden@maynardcooper.com
thosp@maynardcooper.com


Gregory H. Hawley
WHITE ARNOLD & DOWD P.C.
2025 3rd Avenue North, Suite 500
Birmingham, Alabama 35203
Telephone: (205) 323-1888
Facsimile: (205) 323-8907
ghawley@waadlaw.com

Michael A. Burger

GRENEN & BIRSIC, P.C.
One Gateway Center, Ninth Floor
420 Fort Duquesne Boulevard
Pittsburg, Pennsylvania 15222
Telephone: (412) 281-7650
Facsimile: (412) 281-7657
mburger@grenenbirsic.com

John Rock
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 492-6948
Facsimile: (612) 340-2868
rock.john@dorsey.com

Jere F. White, Jr.
William H. Brooks
Brooke G. Malcom
LIGHTFOOT FRANKLIN WHITE LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200
Telephone: (205) 581-0700
Facsimile: (205) 581-0799
jwhite@lightfootlaw.com
wbrooks@lightfootlaw.com
bmalcom@lightfootlaw.com

Michael W. McTigue
Richard E. Coe
DRINKER BIDDLE
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2751
Facsimile: (215) 988-2757
Michael.McTigue@dbr.com
Richard.Coe@dbr.com

Luther M. ("Rusty") Dorr, Jr.
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618

Telephone: (205) 254-1030
Facsimile: (205) 254-1999
rdorr@maynardcooper.com

Perry A. Napolitano
REEDSMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
pnapolitano@reedsmith.com

Douglas K. Spaulding
REEDSMITH LLP
1301 K Street, N.W.
Suite 1300 East Tower
Washington, DC 20005
Telephone: (202) 414-9235
Facsimile: (202) 414-9299
dspaulding@reedsmith.com

Robert D. Eckinger
ADAMS AND REESE LLP
2100 Third Avenue North
Birmingham, Alabama 35203
Telephone: (205) 250-5011
Facsimile: (205) 250-5034
Robert.eckinger@arlaw.com

Marc T.G. Dworsky
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9256
Facsimile: (213) 683-5156
marc.dworsky@mto.com

          /s/ M. Clayborn Williams
          Attorney for Plaintiffs