# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRIAN A. McVEIGH, et al.** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| v. | } | Case No.:  2:09-CV-0685-RDP |
| | } | |
| **CALLAN ASSOCIATES** | } | |
| **INCORPORATED, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

The court has before it the August 26, 2009 motion (Doc. #54) of Defendant Callan Associates Incorporated ("Callan") to stay all proceedings pending the disposition of a petition for writ of mandamus in a parallel case by the Supreme Court of Alabama or, in the alternative, to certify the standing questions raised by the parties to the Supreme Court of Alabama.  Pursuant to the court's order of September 2, 2009, the motion to stay (Doc. #54) is now under submission and is considered herein without oral argument.

Also before the court is the September 11, 2009 motion (Doc. #59) of Plaintiffs for certified questions or, alternatively, entry of a briefing schedule to commence upon the Alabama Supreme Court's issuance of any written opinion on Callan's mandamus petition in the *Perdue* action.

Having considered the briefs and evidentiary submissions, the court finds that Callan's alternative motion to stay (Doc. #54) is due to be granted for the reasons outlined below.  Plaintiffs' alternative motion for entry of a briefing schedule (Doc. #59) is also due to be granted.

**I.      Relevant Procedural History and Facts**

Plaintiffs Brian McVeigh and Lynne Whitten commenced this action on April 8, 2009 by

filing a complaint (Doc. #1) in this court for breach of fiduciary duty (Count One), negligence (Count Two), wantonness (Count Three), breach of contract (Count Four), and class allegations (Count Five), all arising out of the alleged mismanagement of the Alabama Prepaid Affordable College Tuition ("PACT") Trust Fund. (*See generally* Compl.). On August 10, 2009, Plaintiffs Brian McVeigh, Lynne Whitten, and two (2) others filed an Amended Complaint (Doc. #46) in this court, acting on behalf of themselves as well as their respective children and all beneficiaries of the PACT Trust Fund,[1] asserting a claim on behalf of the class for equitable restitution to the trust (Count One) and a claim on behalf of Plaintiffs for breach of contract (Count Two). The claims continue to arise out of the alleged mismanagement of the PACT and the contention that Defendants "knowingly aided, abetted and/or directed the PACT Board to invest in private securities . . . [and] to deviate from its statutory standard of care by making patently imprudent investments given the purpose of the PACT Trust Fund and its actuarial requirements." (Doc. #57 at 2).

All Defendants filed motions to dismiss (Docs. #16, 23, 26) the original complaint on lack of standing grounds. Shortly after the motions to dismiss came under submission, Defendant Callan filed the motion to stay now before the court.

The motion to stay (Doc. #54) advises the court that currently pending in the Circuit Court of Montgomery County, Alabama is a case that Callan considers parallel to this one – *Perdue v. Callan Associates et al.* before Circuit Judge Truman Hobbs, case number CV-09-900556 ("the state court case."). (Doc. #54 at 2, ¶ 2). The *Perdue* plaintiff is the designated third party beneficiary of a PACT contract, and is suing Callan on behalf of the PACT Trust Fund to recoup stock market

---

[1] According to Plaintiffs, they bring these claims as parties who attained beneficiary status through assignment from the PACT Program, thus holding "an original beneficial interest" under the PACT statutes. (*See* Doc. #57 at 2).

losses allegedly caused to the Fund by imprudent investment decisions. (Doc. #54 at 2-3, ¶ 2; *see also* Doc. #57 at 5). A motion to dismiss filed by Callan on lack of standing and ripeness grounds was denied by Judge Hobbs in *Perdue*. Shortly thereafter Callan filed a writ of mandamus with the Supreme Court of Alabama, seeking review of the jurisdictional standing issues. (Doc. #54 at 3, ¶¶ 3-4; *see also* Doc. #56).

Callan contends that this case should be stayed pending the disposition of Callan's writ of mandamus in the state court case for two reasons[2] – Plaintiffs' claims in this case seek the same relief that the plaintiffs in the state court case seek and the state court plaintiff asserts standing theories that closely parallel the theories that Plaintiffs have asserted in the federal case. (Doc. #54 at 4, ¶ 5). Plaintiffs oppose the stay by arguing that the state law case is sufficiently dissimilar from the state law case, thereby rendering a stay unnecessary and unproductive. "The two main differences, aside from the fact that the *Perdue* case is an individual action while the present case is a class action, include distinctions between the plaintiffs themselves and distinctions in the wrongful conduct alleged. These differences are critical, because the two complaints pursue very different theories." (Doc. #57 at 6).

**II.    Analysis**

It is clear to the court that the central argument over the viability of the motion to stay (Doc. #54) is the extent to which similarities exist between the *Perdue* and *McVeigh* complaints – if the

---

[2] Callan argues, in the alternative, that this court should certify to the Supreme Court of Alabama the controlling questions of Alabama law raised and briefed by the parties in their supplemental briefs on Plaintiffs' standing to bring this suit. (Doc. #54 at 5, ¶ 7). Plaintiffs make a similar argument in their motion for certified questions. (Doc. #59 at 1-3). The court finds that such certification is unnecessary and redundant given that sufficiently similar issues are before the Supreme Court of Alabama on the *Perdue* writ of mandamus.

3

actions are sufficiently similar, then interests of efficiency and conservation of resources dictate that the stay be granted. If the actions are sufficiently dissimilar, then a ruling by the Supreme Court of Alabama on jurisdictional issues of standing and ripeness will have no bearing on those issues currently before this court. (*See* Docs. #16, 23, 26).

The following chart highlights the differences between the *McVeigh* and *Perdue* cases, as alleged by the *McVeigh* Plaintiffs:

|  | *Perdue* | *McVeigh* |
| --- | --- | --- |
| Capacity in which Plaintiff(s) is/are suing: | As designated beneficiary (*i.e.*, the child) of the PACT Trust Fund on behalf of the Trust[3] | On behalf of themselves (*i.e.*, the parent), their respective children, and all beneficiaries of the PACT Trust Fund[4] |
| Plaintiff(s) claims: | Count One: Breach of the applicable standard of care, citing Ala. Code § 16-33C-4 (2001).<br><br>Count Two: Breach of statutorily imposed obligations, citing Ala. Code § 16-33C-6 (2001). | Count One: On behalf of the class against all defendants for equitable restitution to the trust<br><br>Count Two: Individual claim on behalf of the plaintiffs against all defendants for breach of contract |

---

[3] The *Perdue* plaintiff is, allegedly, not a direct assignee of the PACT Program's beneficial interest, but rather a designated beneficiary of the assignment contract with a derivative interest. (Doc. #57 at 6). As such, the *McVeigh* Plaintiffs contend that the resolution of *Perdue* will only require an analysis of contract law.

[4] The *McVeigh* Plaintiffs allegedly stand as purchasers of the PACT Program's assigned beneficial interest and have an agreement governed by the MasterPACT contract. (Doc. #57 at 6). This is significant, according to the *McVeigh* Plaintiffs, because the MasterPACT contract expressly passes to each Plaintiff, and to any other Purchaser, the PACT Programs's entitlement to trust benefits in a negotiated amount. Such passing of benefits allegedly creates an assignment of rights, thus elevating the *McVeigh* Plaintiffs to a different status than the *Perdue* plaintiff and requiring an analysis of trust law, not contract law. (Doc. #57 at 7).

| The suit against Callan: | is maintained exclusively as against a separate third party employed by and an agent of the PACT Board with claims that Callan violated its own duties as a trust contractor[5] | alleges that Callan aided, abetted, and directed the PACT Board's breach of its fiduciary duties, and, as a result of that conduct, became a de facto or implied trustee |

The court has no quarrel with the contention that the *Perdue* plaintiff and the *McVeigh* Plaintiffs are not identical, but their dissimilarities are differences without distinction for purposes of whether the court should enter a stay. A ruling on whether the *Perdue* plaintiff has standing to bring her claims would be highly material and informative to any standing ruling as to the *McVeigh* Plaintiffs. If the *Perdue* plaintiff is found by the Supreme Court of Alabama to have standing to bring her claims, while that determination may not be controlling, it is something the court would consider in assessing whether the *McVeigh* Plaintiffs (if they do indeed, as they contend, stand "much closer"[6] to the trust) similarly have standing. (*See* Doc. #57 at 3-8). If the *Perdue* plaintiff is <u>not</u> found to have standing by the Alabama Supreme Court, the issue of standing in this case may nevertheless be well-informed by the *Perdue* standing decision. The same Alabama trust law (and contractual law) implicated in the *McVeigh* case has been briefed on the motion to dismiss in the *Perdue* case. (*See* Doc. #58 at 3, ¶ 3 and Exh. A to Doc. #58) (arguing that plaintiff is a beneficiary of the PACT trust, and as such has standing to sue). The plaintiffs in both cases rely on Alabama

---

[5] That is, the theory of recovery allegedly does not depend on Callan's status as de facto or implied trustee *in invitum* or *de son tort*. (*See* Doc. #57 at 7). "Rather, the *Perdue* plaintiff maintain[s] her claims against Callan exclusively as a separate third party employed by the PACT Board (which the *Perdue* plaintiff has also sued) as its agent without a single allegation that Callan knowingly aided or abetted the PACT Board in breaching its fiduciary duties." (Doc. #57 at 7-8).

[6] As represented to the court during the course of the September 8, 2009 conference call.

Code § 16-33C-6(b), which creates the PACT Trust Fund and "irrevocably pledge[s]" monies in the fund to meet PACT contract obligations. Such overlap is not surprising, as the plaintiffs in both cases pursue claims against Callan on the same basic level for a diminution in value of the PACT Trust Fund through a combination of Callan's status under both the PACT statute and the PACT contract. And in both cases, the issue of plaintiffs' failure to make a demand on the PACT Board is pursued as a defense by Callan. (*See* Doc. #58 at 3-4, ¶ 4).

These circumstances dictate that in the interests of efficiency and the conservation of the limited resources of the parties and the court, the proceedings herein are due to be stayed until the Supreme Court of Alabama rules on Callan's petition for writ of mandamus in the *Perdue* case. Upon the issuance of a decision in *Perdue* by the Alabama Supreme Court, the court will enter a briefing schedule providing the parties a full opportunity to be heard on the applicability (or inapplicability) of that opinion on this case. In that regard, Plaintiffs' motion for entry of briefing schedule is due to be granted.

### III.   Conclusion

For the foregoing reasons, the alternative motion to stay (Doc. #54) all proceedings pending the disposition of a petition for writ of mandamus in a parallel case by the Supreme Court of Alabama is due to be granted. The alternative motion for entry of a briefing schedule (Doc. #59) is also due to be granted. A separate order will be entered.

**DONE** and **ORDERED** this      14th      day of September, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE