FILED
2011 Sep-26  AM 10:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| BRIAN A. MCVEIGH et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. CV-09-0685-S |
| | ) | |
| CALLAN ASSOCIATES, | ) | |
| INCORPORATED et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## BRIEF IN RESPONSE TO THIS COURT'S SEPTEMBER 12TH ORDER

Defendants Rhumbline Advisers, Earnest Partners, LLC, Acadian Asset Management LLC, Western Asset Management Company, Principal Global Investors, LLC, INTECH Investment Management LLC, Turner Investment Partners Incorporated, and C.S. McKee, L.P. (collectively referred to herein as the "Asset Managers") file this brief in response to this Court's September 12th Order (Doc. No. 91) on the issue of the applicability of *Ex parte Callan*, ___ So.3d ___, 2011 WL 3963007 (Ala. Sept. 6, 2011) to this case.  As detailed in this brief, the Alabama Supreme Court's *Ex parte Callan* decision is applicable to one of the grounds for dismissal of this case – the failure of plaintiffs to make a pre-suit demand.[1]  If, however, the Court determines that the *Ex parte Callan* decision does not dispose of all of plaintiffs' claims, then this case nevertheless should be dismissed in light of the wide array of additional grounds for dismissal argued by the Asset Managers.

---

[1] On September 23, 2011, plaintiff filed an application for rehearing in *Ex parte Callan*.

## PROCEDURAL BACKGROUND

On April 8, 2009, plaintiffs filed a complaint.  (Doc. No. 1.)  Defendants filed motions to

dismiss.  (Doc. Nos. 16, 17, 23, 24, 26.)

On July 27, 2009, this Court entered an Order (Doc. No. 39) requiring additional briefs

addressing the plaintiffs' right to assert claims relating to the PACT program under applicable

Alabama trust law, the PACT statutes and the PACT contracts between the named plaintiffs and

the PACT Board.

In response to this Court's July 27, 2009 Order, the defendants filed the following briefs:

1.    Asset Managers' Joint Supplemental Brief in Support of Their Motion to
      Dismiss on the Standing Issues Set Out in the Court's July 27, 2009 Order
      (Doc. No. 43) ("Asset Managers' Joint Supplemental Brief").

2.    Defendant Callan's Memorandum of Law in Support of Its Motion to
      Dismiss Because Plaintiffs Lack Standing (Doc. No. 45).

3.    Asset Managers' Joint Supplemental Reply Brief in Support of Their
      Motion to Dismiss on the Standing Issues Set Out in the Court's July 27,
      2009 Order (Doc. No. 48) ("Asset Managers' Joint Supplemental Reply
      Brief").

4.    Defendant Callan's Reply in Support of Its Motion to Dismiss Because
      Plaintiffs Lack Standing (Doc. No. 51).

On August 26, 2009, Callan Associates, Inc. ("Callan") moved this Court to stay all

proceedings pending the disposition of the Petition for Writ of Mandamus ("Mandamus

Petition") that Callan had filed with the Supreme Court of Alabama in the *Perdue v. Callan* state

court case ("*Perdue*") (Doc. No. 54) ("Motion to Stay").  According to Callan's Motion to Stay,

the Mandamus Petition "raise[d] threshold jurisdictional issues closely similar to those that

Callan and the other defendants have raised in their motions to dismiss."

With its September 14, 2009 Order (Doc. No. 61), this Court granted Callan's Motion to

Stay and stayed this civil action until the Alabama Supreme Court ruled on Callan's Mandamus

02224768.2

Petition in the *Perdue* case.  The Order also stated that, following the issuance of the Alabama Supreme Court's opinion in the *Perdue* case, this Court would "enter a briefing schedule, allowing the parties to fully brief the applicability or non-applicability of the *Perdue* decision on the current action."  In its contemporaneous Memorandum Opinion (Doc. No. 60), this Court explained that, "[a] ruling on whether the *Perdue* plaintiff has standing to bring her claims would be highly material and informative to any standing ruling as to the *McVeigh* Plaintiffs. . . . If the *Perdue* plaintiff is not found to have standing by the Alabama Supreme Court, the issue of standing in this case may nevertheless be well-informed by the *Perdue* standing decision."  Doc. No. 60, p. 5.  This Court concluded that this *McVeigh* action would be stayed "in the interests of efficiency and the conservation of the limited resources of the parties and the court" until the Alabama Supreme Court rules on Callan's Mandamus Petition in the *Perdue* case.  *Id*. at p. 6.

On September 9, 2011, Callan filed a Notice of Decision by the Supreme Court of Alabama on Callan's Petition for Writ of Mandamus (Doc. No. 90).

On September 12, 2011, this Court entered a Text Order directing the parties "to file briefs regarding the applicability or inapplicability" of the Alabama Supreme Court's Opinion in *Ex parte Callan* (Doc. No. 91).

## APPLICABILITY OF *EX PARTE CALLAN* AS GROUNDS FOR DISMISSAL OF THIS CASE

In *Ex parte Callan*, the Alabama Supreme Court held that a beneficiary of a PACT contract could not sue Callan without first making a presuit demand on the PACT Board. Callan's motion to dismiss plaintiff's claims argued, among other things, that plaintiff "lacks 'standing' to sue because she failed, before filing the underlying complaint, to first demand that the PACT board sue Callan."  *Id*. at *3.  The Alabama Supreme Court agreed with Callan's position that plaintiff's "failure to first demand that the PACT Board file an action deprived her

02224768.2

of the ability to initiate the underlying action." *Id*. The Alabama Supreme Court also acknowledged that, "the principles regarding a presuit demand" in a shareholder derivative action and an action by the beneficiary of a trust "are analogous." *Id*. at *5, n.5. The Alabama Supreme Court ruled that, "it has not been demonstrated that a demand on the PACT board that it pursue claims against Callan would have been so futile as to bring this case within [an] exception [to the presuit demand requirement]." *Id*. at *5. "In consideration of the foregoing," the Alabama Supreme Court "grant[ed] Callan's petition and issue[d] the requested writ directing the trial court to dismiss [the plaintiff's] claims against Callan." *Id*. at *6.

In its September 14, 2009 Memorandum Opinion, this Court explained that in the *Perdue* case and this case, "the issue of plaintiffs' failure to make a demand on the PACT Board is pursued as a defense." *McVeigh* Doc. No. 60, p. 6.[2] The Alabama Supreme Court's *Ex parte Callan* decision is applicable to that ground for dismissal of this case. Because the Plaintiffs in this case do not allege that they made a demand on the PACT Board before initiating this civil action, this case should be dismissed for the same reason that the Alabama Supreme Court dismissed the *Perdue* case in its *Ex parte Callan* decision. *See* Asset Managers' Joint Supplemental Reply Brief (Doc. No. 48), pp. 8-11.

## ADDITIONAL GROUNDS FOR DISMISSAL

If, however, this Court determines that any of plaintiffs' claims survive the Defendants' presuit demand defense, then this case should still be dismissed given the multiple other grounds presented by the Defendants. Specifically, the Asset Managers argued the following additional grounds for dismissal:

---

[2] *See* Asset Managers' Joint Supplemental Reply Brief (Doc. No. 48), pp. 8-11; Callan's Reply in Support of Motion to Stay (Doc. No. 58), at 3-4, ¶ 4.

02224768.2

1.      Plaintiffs cannot meet their burden of demonstrating that they have standing to pursue their claims against the Asset Managers as required by Article III of the U.S. Constitution.

2.      Assuming Plaintiffs could establish Article III standing, their claims are clearly not ripe for adjudication as they have not suffered any injury in fact.

3.      Plaintiffs have failed to plead each of the elements of the causes of action that they list in their Complaint.

4.      Plaintiffs have failed to exhaust their administrative remedies.

5.      The asserted claims go beyond the contractual remedies to which the Plaintiffs are limited.

6.      Plaintiffs do not have the right to assert PACT-related claims under any "beneficiary of the PACT Trust Fund" argument.

  a.      The sole beneficiary of the PACT Trust Fund is the PACT Program, not the Plaintiffs.

    i.      The PACT Program is the statutorily intended beneficiary.

    ii.     Comparing the ACES Program to the PACT Program demonstrates that the Legislature could have – but *did not* – make Purchasers of PACT contracts beneficiaries of the PACT Trust Fund.

  b.      Only the PACT Board can bring suit against a third party for conduct that allegedly damages or depreciates the corpus of the trust.

7.      Plaintiffs do not have the right to assert PACT-related claims against the Asset Managers under the PACT Contracts entered into between Plaintiffs and the PACT Board.

8.      Plaintiffs do not have the right to assert PACT-related claims under the contracts between the Asset Managers and the PACT Board on behalf of the PACT Program.

9.      Plaintiffs lack third-party beneficiary standing.

10.     Plaintiffs lack standing here as they are not beneficiaries of the PACT Trust Fund.

11.     Even if Plaintiffs could assert some form of beneficiary status with regard to the PACT Trust Fund – entitling them to bring claims against a *trustee*

– Plaintiffs lack standing here as the Asset Managers are not trustees of the PACT Trust Fund.

a.      The Asset Managers are not "Designated Trustees."

b.      The Asset Managers are not "trustees *in invitum*" or "trustees *de son tort*."

*See* Asset Managers' Motion to Dismiss (Doc. No. 16) and supporting brief (Doc. No. 17); Asset Managers' Joint Supplemental Brief (Doc. No. 43); Asset Managers' Joint Supplemental Reply Brief (Doc. No. 48).

## CONCLUSION

The Alabama Supreme Court's *Ex parte Callan* decision provides grounds for dismissal of this civil action and is applicable to that extent.  There are, however, additional grounds for dismissal of this civil action, as detailed in the Asset Managers' Motion to Dismiss and supporting briefs.  This civil action should be dismissed.

02224768.2

**Rhumbline Advisers**

/s *Lee E. Bains, Jr.*
A. Inge Selden, III
Lee E. Bains, Jr.
Edward A. ("Ted") Hosp

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
lbains@maynardcooper.com
iselden@maynardcooper.com
thosp@maynardcooper.com


Michael A. Collora
DWYER AND COLLORA
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Telephone:  (617) 371-1033
Facsimile:  (617) 371-1037
mcollora@dwyercollora.com

02224768.2

**Earnest Partners, LLC**

/s *Lee E. Bains, Jr.*

A. Inge Selden, III
Lee E. Bains, Jr.
Edward A. ("Ted") Hosp

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
lbains@maynardcooper.com
iselden@maynardcooper.com
thosp@maynardcooper.com

02224768.2

**Acadian Asset Management LLC**

/s *Lee E. Bains, Jr.*
A. Inge Selden, III
Lee E. Bains, Jr.
Edward A. ("Ted") Hosp

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
lbains@maynardcooper.com
iselden@maynardcooper.com
thosp@maynardcooper.com

**Western Asset Management Company**

/s *Lee E. Bains, Jr.*
A. Inge Selden, III
Lee E. Bains, Jr.
Edward A. ("Ted") Hosp

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
lbains@maynardcooper.com
iselden@maynardcooper.com
thosp@maynardcooper.com

Robert D. Eckinger
ADAMS AND REESE LLP
2100 Third Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 250-5011
Facsimile:  (205) 250-5034
Robert.eckinger@arlaw.com

Marc T.G. Dworsky
Eric J. Lorenzini
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071-1560
Telephone:  (213) 683-9256
Facsimile:  (213) 683-5156
marc.dworsky@mto.com
eric.lorenzini@mto.com

10

**Principal Global Investors, LLC**

/s *Luther M. ("Rusty") Dorr, Jr.*
Luther M. ("Rusty") Dorr, Jr.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone:  (205) 254-1030
Facsimile:  (205) 254-1999
rdorr@maynardcooper.com

Perry A. Napolitano
REEDSMITH LLP
435 Sixth Avenue
Pittsburgh, PA  15219
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063
pnapolitano@reedsmith.com

Douglas K. Spaulding
REEDSMITH LLP
1301 K Street, N.W.
Suite 1300 East Tower
Washington, DC 20005
Telephone:  (202) 414-9235
Facsimile:  (202) 414-9299
dspaulding@reedsmith.com

02224768.2

**INTECH Investment Management LLC**

/s *Robert K. Spotswood*

Robert K. Spotswood
Michael T. Sansbury

OF COUNSEL:

SPOTSWOOD SANSOM & SANSBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 986-3621
Facsimile: (205) 986-3639
rks@spotswoodllc.com
msansbury@spotswoodllc.com

Luca R. Bronzi
LASH & GOLDBERG LLP
Bank of America Tower
100 S.E. 2nd Street, Suite 1200
Miami, Florida 33131
lbronzi@lashgoldberg.com

02224768.2

**TURNER INVESTMENT PARTNERS
INCORPORATED**

/s *Jere F. White, Jr.*
Jere F. White, Jr.
William H. Brooks
Brooke G. Malcom

OF COUNSEL:

LIGHTFOOT FRANKLIN WHITE LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200
Telephone: (205) 581-0700
Facsimile: (205) 581-0799
jwhite@lightfootlaw.com
wbrooks@lightfootlaw.com
bmalcom@lightfootlaw.com

Michael W. McTigue
Richard E. Coe
DRINKER BIDDLE
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2751
Facsimile:  (215) 988-2757
Michael.McTigue@dbr.com
Richard.Coe@dbr.com

13

02224768.2

**C.S. McKEE, L.P.**

/s *Gregory H. Hawley*
Gregory H. Hawley

OF COUNSEL:

WHITE ARNOLD & DOWD P.C.
2025 3rd Avenue North, Suite 500
Birmingham, AL 35203
Telephone: (205) 323-1888
Facsimile:  (205) 323-8907
ghawley@waadlaw.com

Michael A. Burger
GRENEN & BIRSIC, P.C.
One Gateway Center, Ninth Floor
420 Fort Duquesne Boulevard
Pittsburg, PA 15222
Telephone: (412) 281-7650
Facsimile: (412) 281-7657
mburger@grenenbirsic.com

02224768.2

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2011, I electronically filed the foregoing Brief in Response to this Court's September 12th Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF registrants.


/s *Lee E. Bains, Jr.*
Of Counsel

02224768.2