# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**BRIAN A. McVEIGH, et al.,**         }
                                       }
    **Plaintiffs,**                 }
                                       }
**v.**                                 }  **Case No.: 2:09-CV-0685-RDP**
                                       }
**CALLAN ASSOCIATES**                  }
**INCORPORATED, et al.,**              }
                                       }
    **Defendants.**                }

### MEMORANDUM OPINION

This case is before the court for consideration of the effect of the Supreme Court of Alabama's ruling in *Ex parte Callan*, – So.3d –, 2011 WL 3963007, No. CV-09-900556 (Ala. Sept. 6, 2011) on the claims made herein.

On April 8, 2009, Plaintiffs Brian McVeigh and Lynne Whitten commenced the action by filing a complaint (Doc. #1) in this court for breach of fiduciary duty (Count One), negligence (Count Two), wantonness (Count Three), breach of contract (Count Four), and class allegations (Count Five), all arising from the alleged mismanagement of the Alabama Prepaid Affordable College Tuition ("PACT") Trust Fund. (*See generally* Compl.). On August 10, 2009, Plaintiffs Brian McVeigh, Lynne Whitten, and two others amended their complaint (*see* Doc. #46) acting on behalf of themselves as well as their respective children and all beneficiaries of the PACT Trust Fund, asserting a claim on behalf of the class for equitable restitution to the trust (Count One) and asserting a claim on behalf of Plaintiffs for breach of contract (Count Two). The claims continued to arise out of the alleged mismanagement of the PACT and the contention that Defendants "knowingly aided, abetted, and/or directed the PACT Board to invest in private securities . . . [and] deviate from its

statutory standard of care by making patently imprudent investments given the purpose of the PACT Trust Fund and its actuarial requirements."[1]  (Doc. #57 at 2).

All Defendants (Callan Associates, Inc., ("Callan"), Rhumbline Advisers, Earnest Partners, LLC, Acadian Asset Management LLC, Western Asset Management Company, Principal Global Investors, LLC, INTECH Investment Management LLC, and Turner Investment Partners, Inc. (collectively the "Asset Managers")), filed motions to dismiss (Docs. #16, 23, 26) the complaint on lack of standing grounds.  Shortly after the motions to dismiss came under submission, Defendant Callan filed a motion to stay (Doc. #54) advising this court that a parallel case was pending in the Circuit Court of Montgomery County, Alabama – *Perdue v. Callan Associates et al.*, CV-09-900556 (the "state court case").  In that case, the *Perdue* Plaintiff was the designated third party beneficiary of a PACT contract, and sued Callan on behalf of the PACT Trust Fund to recoup stock market losses allegedly caused to the Fund by imprudent investment decisions.  (*See* Doc. #54 at 2-3, ¶ 2; *see also* Doc. #57 at 5).  A motion to dismiss filed by Callan on lack of standing and ripeness grounds was denied by Judge Hobbs.  Shortly thereafter Callan filed a writ of mandamus with the

---

[1] The history of the PACT program bears some repeating here.  In 1990, the Alabama legislature established the Alabama Prepaid Affordable College Tuition ("PACT") program as part of the Wallace-Folsom College Savings Investment Plan.  *See* §§ 16-33C-1-8, Ala. Code 1975.  Pursuant to the statutory scheme, the PACT program is overseen by a "PACT board," which serves as both "[t]he board of directors and trustees of the PACT Trust Fund." § 16-33C-3(14), Ala. Code 1975.  Also pursuant to the statute, the members of the PACT board are specifically empowered "[t]o invest as [the board] deems appropriate any funds in the PACT Trust Fund . . .". § 16-33C-5(3), Ala. Code 1975.
    In 2003, the PACT Board entered into an "Investment Consultant Agreement" with Callan, pursuant to which Callan was to provide "professional investment consulting services to . . . the PACT Board."  *See* § 16-33C-5(7), Ala. Code 1975 (expressly granting the PACT Board the authority "[t]o contract for necessary goods and services, to employ necessary personnel, and to engage the services of qualified persons and entities for administrative and technical assistance in carrying out the responsibilities of the plan.").  That contract was renewed in 2006.

Supreme Court of Alabama, seeking review of the jurisdictional standing issues. (*See* Doc. #54 at 3, ¶¶ 3-4; *see also* Doc. #56).

On September 14, 2009 this court entered a Memorandum Opinion (Doc. #60) and Order (Doc. #61) finding that the dissimilarities between the *Perdue* Plaintiff and the *McVeigh* Plaintiffs were differences without distinction for the purpose of determining whether to enter a stay based on the pending petition for mandamus. "A ruling on whether the *Perdue* Plaintiff has standing to bring her claims would be highly material and informative to any standing ruling as to the *McVeigh* Plaintiffs."(Doc. #60 at 5).

On September 9, 2011, the Supreme Court of Alabama granted Callan's petition for a writ of mandamus and directed the Montgomery Circuit Court to dismiss the underlying action filed by Carol M. Perdue, "as next friend and legal guardian of Anna K. Perdue, as designated beneficiary of and on behalf of" the PACT Fund. *See Ex parte Callan Assocs., Inc.*, – So.3d –, 2011 WL 3963007, No. CV-09-900556 (Ala. Sept. 9, 2011). Specifically, the Alabama Supreme Court held that beneficiary of a PACT contract could not sue Callan without first making a demand on the PACT Board. *See id.*, 2011 WL 3963007 at *6. On September 12, 2011, this court entered an order (Doc. #91) directing the parties to submit briefs regarding the applicability (or inapplicability) of the findings in *Perdue* (*Ex parte Callan*)on the *McVeigh* case. Defendants Asset Managers filed a brief on September 26, 2011 arguing that the decision in *Perdue*/*Ex parte Callan* controls this case. (*See generally* Doc. #92). On the same day, Defendant Callan filed a brief arguing the same, that *Perdue*/*Ex parte Callan* requires the dismissal of this action. (*See generally* Doc. #93). The Plaintiffs did not file anything in this court. Instead, they filed an Application for Rehearing in the Supreme Court of Alabama on *Ex parte Callan*. (*See* Doc. #94). The Supreme Court of Alabama

denied the Application for Rehearing on January 20, 2012. (*See* Doc. #98 and attachment thereto).

In both *Ex parte Callan* and the *McVeigh* case, the issue of Plaintiffs' failure to make a demand on the PACT board is pursued as a defense. (*See* Doc. #58 at 3-4, ¶ 4). The Supreme Court of Alabama has now decided that a plaintiff's failure to first demand that the PACT board file an action deprives an individual of the ability to initiate an action against the investors. *See Ex parte Callan*, 2011 WL 3963007 at *3. To be sure there were differences between the *McVeigh* and *Perdue* cases;[2] however, dissimilarities are differences without distinction as to the holding in *Ex parte Callan*. (*See* Doc. #60 at 4-5). Because Plaintiffs in this case do not allege that they made a demand on the PACT board before initiating this action, this case is due to be dismissed.

---

[2] The following chart highlights the differences between the *McVeigh* and *Perdue* cases, as alleged by the *McVeigh* Plaintiffs:

|  | *Perdue* | *McVeigh* |
|---|---|---|
| Capacity in which Plaintiff(s) is/are suing: | As designated beneficiary (*i.e.*, the child) of the PACT Trust Fund on behalf of the Trust | On behalf of themselves (*i.e.*, the parent), their respective children, and all beneficiaries of the PACT Trust Fund |
| Plaintiff(s) claims: | Count One: Breach of the applicable standard of care, citing Ala. Code § 16-33C-4 (2001).<br><br>Count Two: Breach of statutorily imposed obligations, citing Ala. Code § 16-33C-6 (2001). | Count One: On behalf of the class against all defendants for equitable restitution to the trust<br><br>Count Two: Individual claim on behalf of the plaintiffs against all defendants for breach of contract |
| The suit against Callan: | is maintained exclusively as against a separate third party employed by and an agent of the PACT Board with claims that Callan violated its own duties as a trust contractor | alleges that Callan aided, abetted, and directed the PACT Board's breach of its fiduciary duties, and, as a result of that conduct, became a de facto or implied trustee |

A separate order will be entered dismissing all claims asserted by Plaintiffs against Defendants.

**DONE** and **ORDERED** this ____26th____ day of March, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE